IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ROSARIO GONGORA-OWNBY, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),**<br>      *Plaintiff*,<br><br>      v.<br><br>**MOLINA HEALTHCARE, INC. AND MOLINA HEALTHCARE OF TEXAS, INC.**<br>      *Defendants*. | **Civil Action No. 3:16-cv-379** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Rosario Gongora-Ownby, individually and on behalf of all others similarly situated, files this Original Complaint, and in support shows the Court the following:

### I.  SUMMARY

1. This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*  Plaintiff worked for Defendants as a "Case Manager" whose primary responsibilities included conducting on-site member assessments, imputing member information into Defendants' automated system, and ensuring member completed all necessary authorizations for receipt of insurance benefits.  Plaintiff routinely worked in excess of 40 hours per week, but was not paid overtime for the hours for any of the hours he worked in excess of 40.

### II.  PARTIES

2. Plaintiff Rosario Gongora-Ownby ("Plaintiff") is an individual residing in El Paso, Texas who hereby consents to be a plaintiff in this lawsuit.

3. The Plaintiff and "Class Members" are Defendants' current and former employees whose primary responsibilities included conducting on-site member assessments, imputing member information into Defendants' automated system, and ensuring member completed all

necessary authorizations for receipt of insurance benefits. This includes Defendants' employees referred to as "Case Manager I," "Case Manager II," and individuals working under other titles performing similar duties.

4. Defendant Molina Healthcare, Inc. is a Delaware corporation that has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

5. Defendant Molina Healthcare of Texas, Inc. is a Texas corporation that has appointed Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District and because one or more of the Parties reside in this District.

### IV. COVERAGE

8. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)

of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL FLSA ALLEGATIONS

13. Defendants have had business operations throughout the United States, including in Texas and this Judicial District, and their annual gross volume of sales made or business done exceed $500,000.00 per year.

14. Plaintiff worked as a Case Manager I for Defendants within the last three years and from approximately January 2012 through January 2015.

15. As a case manager, Plaintiff's primary duties included conducting on-site member assessments, imputing member information into Defendants' automated system, and ensuring member completed all necessary authorizations for receipt of insurance benefits. Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

16. While a case manager, Plaintiff handled materials including equipment to conduct medical assessments.

17. Plaintiff routinely worked over 40 hours per week. However, she was not properly paid overtime for all hours he worked in excess of 40 hours every week in which he

worked. Defendants knew that Plaintiff worked in excess of 40 hours per week and it allowed and directed him to do so. Instead, Plaintiff was paid a salary for her work and was not paid overtime pay for her hours of overtime work.

18. Plaintiff is entitled to receive overtime pay for all the hours worked in excess of 40 per workweek. Defendants were aware of the FLSA's minimum wage and overtime requirements, routinely received complaints from Plaintiff and the Potential Plaintiffs regarding their pay and excessive overtime hours, paid workers who performed substantially similar and non-exempt duties on an hourly/overtime eligible basis, but chose not to pay Plaintiff overtime. Defendants willfully misclassified Plaintiff as exempt and refused to pay her overtime.

## VI. COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff and the Class Members performed the same or similar job duties as one another as described in the preceding paragraphs in that the Class Members whose primary responsibilities included conducting on-site member assessments, imputing member information into Defendants' automated system, and ensuring member completed all necessary authorizations for receipt of insurance benefits. Further, Plaintiff and Class Members were subjected to the same illegal pay plan in that they were paid under the same pay plan that paid them primarily on a salaried basis and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

20. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of

pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

21. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and the Class Members.

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

22. During the relevant period, Defendants violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

### VIII. RELIEF SOUGHT

23. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

  b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

  c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

  d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

  e. For an Order granting such other and further relief as may be necessary and appropriate.

      Respectfully submitted,

      /s/ *Jay Forester*_____

      **J. DEREK BRAZIEL**
      *Co-Attorney in Charge*
      Texas Bar No. 00793380
      **JAY FORESTER**
      Texas Bar No. 24087532
      Lee & Braziel, L.L.P.
      1801 N. Lamar Street, Suite 325
      Dallas, Texas 75202
      (214) 749-1400 phone
      (214) 749-1010 fax
      www.overtimelawyer.com

      **JACK SIEGEL**
      *Co-Attorney in Charge*
      Texas Bar No. 24070621
      Siegel Law Group PLLC
      10440 N. Central Expy.
      Suite 1040
      Dallas, Texas 75231
      (214) 706-0834 phone
      (469) 339-0204 fax
      www.siegellawgroup.biz

      **ATTORNEYS FOR PLAINTIFF**