UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TENISHA BREWER, KATHERINE ROUNTREE, DAPHANIE JONES, AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> MOLINA HEALTHCARE, INC., <br><br> Defendants. | Civil Action No. 1:16-CV-09523 |
| ROSARIO GONGORA-OWNBY, AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> MOLINA HEALTHCARE, INC. AND MOLINA HEALTHCARE OF TEXAS, INC., <br><br> Defendants. | Civil Action No. 1:16-CV-11346 |

**INDEX OF EXHIBITS TO PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO CERTIFY A COLLECTIVE ACTION UNDER SECTION 216(b) OF THE FLSA SOLELY FOR SETTLEMENT PURPOSES, FOR APPROVAL OF AN OPT-IN SETTLEMENT, FOR APPOINTMENT OF SETTLEMENT ADMINISTRATOR; AND FOR APPROVAL OF AWARDS OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS**

Joint Stipulation of Settlement.........................................................................................A

    List of Settlement Class Members' Amounts.................................................. A

[Proposed Order]..............................................................................................................B

Declaration of J. Derek Braziel.........................................................................................C

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TENISHA BREWER, KATHERINE ROUNTREE, DAPHANIE JONES, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>MOLINA HEALTHCARE, INC.,<br><br>Defendants. | Civil Action No. 1:16-CV-09523 |
| ROSARIO GONGORA-OWNBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>MOLINA HEALTHCARE, INC. AND MOLINA HEALTHCARE OF TEXAS, INC.,<br><br>Defendants. | Civil Action No. 1:16-CV-11346 |

## JOINT STIPULATION OF SETTLEMENT

This Joint Stipulation of Settlement ("Joint Stipulation" or "Agreement") was made and entered into by Named Plaintiffs Tenisha Brewer, Daphanie Jones, and Rosario Gongora-Ownby ("Named Plaintiffs"), on behalf of themselves and the Opt-in Plaintiffs (collectively, "Plaintiffs"), and Defendants Molina Healthcare, Inc. and Molina Healthcare of Texas, Inc. (collectively "Defendants"), and is conditioned upon the Court's approval.

1

1. <u>DEFINITIONS</u>

The following terms, when used in this Joint Stipulation, have the meanings set forth below.

(a)    "Action" means the consolidated civil actions currently pending in the Northern District of Illinois identified by the captions on page one of this Agreement, *Brewer et al. v. Molina Healthcare, Inc.*, No. 1:16-cv-9523, and *Gongora-Ownby et al. v. Molina Healthcare, Inc. et al.*, No. 1:16-cv-11346.

(b)    "Plaintiffs' Counsel" or "Class Counsel" means Lee & Braziel, LLP, Siegel Law Group, PLLC, and Werman Salas P.C.

(c)    "Defendant's Counsel" or "Defense Counsel" means Greenberg Traurig, LLP.

(d)    "Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

(e)    "Named Plaintiffs" means Tanisha Brewer, Daphanie Jones, Katherine Rountree, and Rosario Gongora-Ownby unless their consents are withdrawn pursuant to Paragraph 8 below.

(f)    "Opt-In Plaintiffs" shall mean all Settlement Class Members who elect to participate in the Settlement by negotiating the settlement check issued to them pursuant to the terms of the Joint Stipulation.

(g)    "Parties" means Plaintiffs and Defendants, collectively and, separately, each a "Party."

(h)    "Released Parties" means Defendants and their former and present parents, subsidiaries, and affiliated corporations and their respective officers, directors, shareholders, employees, and agents, and any other successors, assigns, or legal representatives, with the exception of Molina Healthcare of Florida, Inc.  "Released Parties" specifically includes, but is

2

not limited to Molina Clinical Services, Molina Healthcare of California, Inc., Molina Healthcare of Idaho, Inc., Molina Healthcare of Illinois, Inc., Molina Healthcare of Michigan, Inc., Molina Healthcare of Mississippi, Inc., Molina Healthcare of New Mexico, Inc., Molina Healthcare of New York, Inc., Molina Healthcare of Ohio, Inc., Molina Healthcare of Puerto Rico, Inc., Molina Healthcare of South Carolina, Inc., Molina Healthcare of Texas, Inc., Molina Healthcare of Utah, Inc., Molina Healthcare of Washington, Inc., Molina Healthcare of Wisconsin, Inc., and Molina Healthcare, Inc.

(i)     "Settlement" shall mean the resolution of the Action as effectuated by the Joint Stipulation.

(j)     "Settlement Account" shall be a Qualified Settlement Fund established and controlled by the Settlement Administrator under Section 468B of the Internal Revenue Code and Treas. Reg. §1.468B-1, 26 C.F.R. § 1.468B-1, *et seq.* and which shall have a unique Employer Identification Number.

(k)     "Settlement Class Members" means individuals who worked for Defendants and who are identified on Exhibit A.

(l)     "Settlement Fund" shall refer to the common settlement fund that will be funded by Defendants in the amount of $3,375,520.89, and that will be distributed in accordance with this Joint Stipulation.

(m)     "Net Settlement Fund" refers to the Settlement Fund less the amounts awarded by the Court for Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expense and for the Named Plaintiffs and Opt-In Plaintiff Service Awards, and the costs of settlement administration.

(n)     "Settlement Payments" means the amounts to be paid to Settlement Class Members from the Net Settlement Fund as described in Section 3(e) of this Joint Stipulation.

3

(o)     "Class Period" means the period between June 14, 2014, to June 13, 2016.[1]

2.    THIS JOINT STIPULATION IS CONTINGENT ON COURT APPROVAL

If, for any reason, the terms of this Joint Stipulation are not approved by the Court in substantially the form agreed by the Parties, this Joint Stipulation will be void and shall have no force or effect. Whether the Joint Stipulation is approved by the Court, neither the Joint Stipulation nor any document, statement, proceeding, or conduct related to this Joint Stipulation, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to any Party. Pending Court approval, the Action is stayed and the Parties shall not pursue any discovery or otherwise litigate the claims or defenses asserted therein.

3.    STATEMENT OF NO ADMISSION

(a)    Although the Parties do not abandon the positions they took in the Action, they believe that continued litigation would be expensive, uncertain, and contrary to their best interests. In light of these realities, the Parties believe that this Joint Stipulation is fair, reasonable, and the best way to resolve the disputes between and among them.

(b)    Defendants deny all claims as to liability, wrongdoing, damages, penalties, interest, fees, injunctive relief and all other forms of relief, as well as the collective allegations asserted in the Action.  Defendants further deny that this Action is appropriate for collective treatment for any purpose other than settlement.  Defendants have agreed to resolve the Action via this Joint Stipulation, but to the extent this Joint Stipulation is deemed void, Defendants do not waive, but rather expressly reserve, all rights to challenge any and all claims and allegations asserted by

---

[1] This is the date the positions held by the Settlement Class Members were reclassified by Defendants as non-exempt / overtime eligible.

4

Named Plaintiffs in the Action and/or by any Opt-In Plaintiff should the case proceed, upon all procedural and substantive grounds, including without limitation the ability to challenge collective-action treatment on any grounds and to assert any and all other potential defenses or privileges (the "Rights").

(c)     Named Plaintiffs and Class Counsel agree that Defendants retain and reserve the Rights, and they agree not to take a position to the contrary. Specifically, Named Plaintiffs and Class Counsel agree that, if the Action does proceed, they will not argue or present any argument, and hereby waive any argument that, based on this settlement or this Joint Stipulation or any exhibit and attachment hereto, or any act performed or document executed pursuant to or in furtherance of this settlement or this Joint Stipulation, Defendants should be barred from contesting collective-action certification pursuant to the FLSA on any grounds or from asserting any and all other potential defenses and privileges.

(d)     This Joint Stipulation shall not be deemed an admission by, or a basis for estoppel against, Defendants that conditional certification pursuant to 29 U.S.C. § 216(b) in the Action or any other action is proper or cannot be contested on any grounds. Additionally, neither this Joint Stipulation, nor the settlement, nor any document, statement, or proceeding or conduct related to this Joint Stipulation, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including any evidence of a presumption, concession, indication or admission by the Released Parties of any liability, fault, wrongdoing, omission, concession, or damage. Nor shall this Agreement be disclosed, referred to, offered or received in evidence against the Released Parties in any further proceeding in this Action, or in any other civil, criminal, or

NJ 230646328v1

NJ 230791755v1

administrative action or proceeding except for the purposes of settling this Action or enforcing the settlement of this Action.

4.      MONETARY TERMS OF SETTLEMENT

(a)     To settle the Action, and as consideration for the release of claims from Named Plaintiffs and Opt-in Plaintiffs, dismissal of the Action, and the other good and valuable consideration described herein that the Named Plaintiffs and Opt-In Plaintiffs are providing to the Released Parties, Defendants will deposit into the Settlement Account $3,375,520.89, which shall be used to provide for: (i) Settlement Payments to the Named Plaintiffs and Opt-in Plaintiffs, as described in this Joint Stipulation; (ii) Service Awards to the Named Plaintiffs and Opt-In Plaintiffs, as described herein; (iii) Plaintiffs' Attorneys' Fees, as described herein; (iv) Plaintiffs' Litigation Expenses, as described herein; and (v) Settlement Administration Expenses, as described herein.

(b)     The Settlement Fund shall be allocated as follows, subject to Court approval:

(i)     The amount available from the Settlement Fund for the Named Plaintiffs' and Opt-in Plaintiffs' *pro rata* Settlement Payments ("Net Settlement Fund") shall be the Settlement Fund minus the amounts paid to (i) the Named Plaintiffs and Opt-In Plaintiffs as Service Awards; (ii) Class Counsel for Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses; and (iii) the Settlement Administrator for the settlement administration fees and costs. The amounts to be deducted from the Gross Settlement Fund are set forth below in subparagraphs (ii), (iii), (iv), and (v).

(ii)    In addition to their *pro rata* share of the Net Settlement Fund, and in exchange for the release set forth in ¶5(a), the following individuals will receive Service

Awards for their service to the class in the litigation:  Tanisha Brewer - $7500, Rosario Gongora-Ownby - $7500, Cinderella Brown - $3000, and Clinton Johnson - $3000.

        (iii)      A sum of no more than $1,125,173.63 shall be paid to Class Counsel for Plaintiffs' Attorneys' Fees, and an amount not to exceed $10,000 shall be paid to Class Counsel for reasonably incurred Litigation Expenses.

        (iv)      A sum of no more than $30,000 shall be paid to Rust Consulting for settlement administration fees and costs.

(c)      Except as set forth in Section 4(g), below, Defendants' total obligation under this Joint Stipulation shall not exceed $3,375,520.89, inclusive of all payments described in this section and the employees' portion of any legal and tax withholdings, but excluding Defendants' payment of the employer's share of applicable state and federal payroll taxes associated with the Settlement Payments made to the Named Plaintiffs and each Opt-In Plaintiff.

(d)      The Named Plaintiffs and each Settlement Class Member's Settlement Payment shall be calculated as follows:

        (i)      Each Settlement Class Members' Total Owed Overtime is set forth on Exhibit A.

        (ii)      The Settlement Class Member's Total Owed Overtime Wages shall be divided by the sum of all Settlement Class Members' Total Owed Overtime Wages. The quotient, expressed as a percentage, shall represent each Settlement Class Member's Pro Rata Factor. Exhibit A identifies each Settlement Class Member by name and his or her corresponding Pro Rata Factor.

        (iii)      Each Settlement Class Member's Settlement Payment shall be computed by multiplying his or her Pro Rata Factor by the Net Settlement Fund.

NJ 230646328v1

NJ 230791755v1

(e)     The Settlement Administrator shall issue one check for each Settlement Payment allocated as follows:

(i)     One-half of each Settlement Payment will represent wages.  Regular employee payroll deductions shall be taken out of this portion of each Settlement Class Member's Settlement Payment as determined by the Settlement Administrator. The Settlement Administrator shall withhold federal tax on that amount for all Settlement Class Members based upon a flat withholding rate, which is reasonable and customary in accordance with Treas. Reg. 31.3402(g)-1(a)(2), and as is calculated by the Settlement Administrator.  State tax will be withheld according to applicable state withholding requirements, which the Settlement Administrator shall be responsible for appropriately completing.  The Settlement Administrator shall issue each Opt-In Plaintiff an IRS Form W-2 for this portion of the Settlement Payment.

(ii)     One-half of each Settlement Payment will represent liquidated damages for tax purposes only.  Payroll deductions and income taxes shall not be taken from this portion of each Settlement Class Member's Settlement Payment or from the Service Awards distributed to the Named Plaintiffs. The Settlement Administrator shall issue each Opt-in Plaintiff an IRS Form 1099 for the liquidated damages portion of each Settlement Payment and shall note the payment in Box 3 of that form. The Settlement Administrator shall also issue the Named Plaintiffs an IRS Form 1099 for their Service Awards, noting the amounts in Box 3 of that form.

(iii)     The back of each check to each Settlement Class Member will contain the following limited endorsement:

8

By cashing this check, I agree to join the cases *Brewer v. Molina Healthcare* and/or *Gongora-Ownby v. Molina Healthcare*, and I agree to participate in the Settlement and be bound by the release of claims in the Settlement Agreement.

(iv)     For tracking purposes, the Settlement Administrator shall also include a unique control number on each check issued, and the Settlement Administrator shall maintain a central database that designates the control number associated with each Settlement Class member.

(f)     Defendants shall be responsible for payment of the employer's portion of all applicable payroll taxes for each wage Settlement Payment made pursuant to Section 4(e)(i).

(g)     If, within 90 days of the date a Settlement Class Member's payment is mailed, it is claimed by Class Counsel that the data on which the Total Owed Overtime listed on Exhibit A, in whole or in part, was incorrect or incomplete as to one or more individual Settlement Class Members, Defendants will review and if appropriate revise the calculation within ten (10) days of being notified of the claim.  If appropriate, the Settlement Administrator will then recalculate the Settlement Payments due to any such Settlement Class Members by multiplying the amount of the change by the same percentage that individual's Settlement Payment bears to that individual's Total Overtime Owed.[2]  The Parties will work together in good faith to exchange the information necessary to make the determination and resolve any differences over the amount of Settlement Payments owed to such Settlement Class Members, if any.  To the extent that the total deviation between the data originally produced and any discrepancy raised during the Settlement process exceeds 5% of the individual Settlement Class Member's Total Overtime Owed, Defendants will

---

[2] For example, if the individual's Total Overtime Owed is $3000 and her Settlement Payment (before taxes are deducted) is $2000, then the change in payment for the individual will be .667 times the amount of the change.

9

pay corrected Settlement Payments or additional Settlement Payments from outside the Settlement Fund to the Settlement Administrator. Defendants' obligations to make any such corrected settlement amount payments under this Section 4(g) shall cease one hundred and twenty (120) days from the date checks are initially issued by the Settlement Administrator to Settlement Class Members.

(h) None of the amounts paid to the Named Plaintiffs or any Opt-In Plaintiff shall create any credit for, or be included in, or otherwise affect or alter the calculation or accrual of any employee benefit plans, programs, agreements or policies supplied, sponsored, maintained, contributed or otherwise provided by Defendants, including for purposes of any incentive plan.

5.    RELEASE OF CLAIMS

In exchange for their Settlement Payment, Named Plaintiffs and Opt-In Plaintiffs shall be deemed to have released and discharged the Released Parties from all claims or causes of action arising during the Class Period for unpaid overtime wages that were or could have been asserted in the Action, or that arise out of facts asserted in the Action, including without limitation claims for unpaid overtime wages, and including but not limited to claims under the Fair Labor Standards Act, federal law, and the state, local law, or common laws of Texas, California, Ohio, Michigan, Wisconsin, Utah, Illinois, Washington and South Carolina, as well as any related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, interest, or other damages available under those laws.

6.    ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS

(a)    Class Counsel shall make an application to the Court for Attorneys' Fees and Litigation Expenses. The amount of Attorneys' Fees sought will not exceed $1,125,173.63. The Litigation Expenses sought shall not exceed $10,000. Such application shall be filed with the

10

Motion for Approval of the Joint Stipulation. Defendants will not oppose such application for fees or costs provided that Class Counsel do not seek to recover Attorneys' Fees in excess of $1,125,173.63 and do not seek to recover Litigation Expenses in excess of $10,000.

(b)      Plaintiffs and Class Counsel understand and agree that Class Counsel's Attorneys' Fees and Litigation Expenses will be the full, final, and complete payment of all attorneys' fees and costs arising from and/or relating to the representation of the Named Plaintiffs and the Settlement Class Members or any other attorneys' fees and costs associated with the investigation and/or prosecution of the Litigation.  As an inducement to Defendants to enter into this Joint Stipulation, and as a material condition thereof, Plaintiffs and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against Defendants for attorneys' fees or costs arising from or relating to the claims released in this Joint Stipulation.  Furthermore, Plaintiffs and Class Counsel represent and warrant that no attorney, other than Class Counsel, has any attorney's fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with the Action, and that the terms of this Joint Stipulation shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the Action.  Nothing in this Section shall preclude Plaintiffs from appealing the allocation of Class Counsel's Fees and Expenses should the sum awarded by the Court fall below the amount described in Section 6(a) of this Joint Stipulation.  If Class Counsel elect not to appeal or if the Court of Appeals affirms the decision, only the reduced amounts will be deemed to be Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses for purposes of this Joint Stipulation. Any remaining or reduced amounts shall be added to the Net Settlement Fund available for distribution to Settlement Class Members.  If, following the exhaustion of any such appeal, the distribution of

11

the Net Settlement Fund has already occurred, and the 90 day check cashing deadline has already expired, any remaining or reduced amounts shall be returned to Defendants.

(c)     All of Defendants' own legal fees, costs and expenses incurred in this Action shall be borne by Defendants.

(d)     Class Counsel may apply for a Service Award in these amounts for Tanisha Brewer - $7500, Rosario Gongora-Ownby - $7500, Cinderella Brown - $3000, and Clinton Johnson - $3000, in acknowledgment of the time they spent providing documents and information for the prosecution of this litigation on behalf of Settlement Class Members, as well as conferring with Class Counsel, filing the Action, and/or reviewing and approving the settlement.  The Service Awards shall be paid from the Settlement Account. Defendants agree not to oppose such application, so long as it is consistent with the provisions of this Joint Stipulation.

7.     SETTLEMENT TIMELINE

The Parties agree to follow the following timeline for the completion of the Settlement and dismissal of the Action:

(a)     Settlement Approval: Plaintiffs shall file an Unopposed Motion for Approval of Settlement as soon as practicable following execution of this Joint Stipulation.

(b)     Waiver of Appeal:  Within two (2) business days of entry of the Order approving the Joint Stipulation, Class counsel and counsel for Defendants shall confirm to one another that they forego their right to appeal the judgment of the district court approving the Joint Stipulation. If either party intends to appeal, they shall notify the other party, in writing, within two (2) business days of the entry of the Order approving the Joint Stipulation.  If either party notifies the other of intent to appeal, then the deadlines set forth below will not apply, and no payments shall be made under this Joint Stipulation until all appeals are decided and the case is returned to the district

12

court, and there is a valid order in place that the payments should then be made. If no such timely appeal is filed, the timelines are as follows:

(c)     <u>Production of Class Data</u>: Within five (5) business days of entry of the Order approving the Joint Stipulation, Defendants shall provide Class Counsel and the Settlement Administrator with the following information for all Settlement Class Members: (i) name, (ii) last known addresses, (iii) last known telephone number, (iv) employee email address (if available); and (v) social security number ("Class Data"). Class Counsel and the Settlement Administrator agree to keep this information confidential and use it only for the sole purpose of administering the settlement.

(d)     <u>Update of Settlement Class Members' Addresses</u>: Upon receipt of the Class Data, the Settlement Administrator will verify the most recent mailing addresses for Settlement Class Members by using the National Change of Address (NCOA) Database, or a comparable database.

(e)     <u>Funding the Settlement Account and Payment of Attorneys' Fees and Costs:</u> Within 10 days of entry of the Order approving the Joint Stipulation, Defendants will deposit $2,240,347.26 (or $3,375,520.89 less the approved attorneys' fees and costs) into the Settlement Account and remit the approved fees and costs for Class Counsel by wire transfers to be made according to written instructions provided by Class Counsel to Defendant's counsel.

(f)     <u>Payment of the Employer Share of Payroll Taxes</u>: Within fifteen (15) days of entry of the Order approving the Joint Stipulation, the Settlement Administrator shall determine the employer's share of payroll employment taxes on Settlement Payments to Settlement Class Members, and shall communicate such amount to Defendants with a detailed explanation of the calculations. In the event of any dispute as to the calculation of the employer's share of payroll taxes, the Parties and Settlement Administrator shall meet and confer in good faith in an attempt

13

to resolve the dispute. If the dispute cannot be resolved, it shall be submitted to the Court for a final determination. Within five (5) days of the date the Settlement Administrator notifies Defendants of the amount of the employer's share of payroll taxes, or within five (5) days after any dispute related to the amount is finally resolved, Defendants shall make any additional payment to the Settlement Account for payroll taxes as may be necessary. The Settlement Administrator shall thereafter remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities on a timely basis for all Settlement Class Members who timely negotiate their checks pursuant to its duties and undertakings. Defendants agree to reasonably cooperate with the Settlement Administrator to the extent necessary to determine the amount of the payroll tax payment required under this Section. To the extent Defendants have remitted excess payroll taxes to the Settlement Account, the Settlement Administrator shall return those funds to Defendants within fourteen (14) days after the Check Cashing deadline has expired.

(g)     Issuance of Settlement Payments and Service Awards: No later than seven (7) days after Defendants fully fund the Settlement Account in accordance with Section 7(e), supra, the Settlement Administrator shall make the following payments:

(i)     The Settlement Administrator shall deliver Settlement Payments via First Class U.S. Mail to each Settlement Class Member for his or her pro rata share of the Settlement Fund as computed in Section 4(d) of this Joint Stipulation. The Settlement Payment checks shall be negotiable by Settlement Class Members for 90 days from the date they were mailed by the Settlement Administrator (the "Check Cashing Deadline"). The Settlement Administrator shall include a letter drafted by Class Counsel with each check to each Settlement Class Member explaining the terms of the settlement. The letter will only advise that a settlement payment is enclosed and that neither Defendants nor Class Counsel are offering any advice concerning the

14

potential tax implications of such payment. Class Counsel will be permitted to include neutral statements concerning their representation of Class Members, but the letter shall not include any disparaging or derogatory comments about Molina or any other Released Party as defined above. The face of each check shall clearly state that the check must be presented for payment within 90 days.

(ii)     The Settlement Administrator shall deliver the Named Plaintiffs' Service Awards to those individuals.

(iii)     If any Settlement Payment check is returned to the Settlement Administrator as undeliverable with a forwarding address, the Settlement Administrator will forward the Settlement Payment to the forwarding address. If any Settlement Payment is returned to the Settlement Administrator as undeliverable without a forwarding address, the Settlement Administrator will run a new search for the updated address through available databases, such as Accurint, and will forward the Settlement Payment to the new address obtained in this manner, if any. If, after this second mailing, the Settlement Payment is again returned as undeliverable, and if no other forwarding address is provided by the Settlement Class Member or otherwise located by the Check Cashing Deadline, the mailing process shall end for that Settlement Class Member.

(iv)     The Settlement Administrator shall operate a telephone line as a resource for Settlement Class Members to update their contact information or to request more information regarding the Settlement.   The Parties shall jointly approve any message(s) or information provided by that telephone line.

(v)     Within fourteen (14) days of the expiration of the Check Cashing Deadline, the Settlement Administrator shall provide to Defendants and Class Counsel: (A) scanned copies of the negotiated Settlement Payment checks, and (B) a list, in Excel format, of the names of all

Opt-in Plaintiffs including for each: (1) the amount of the Opt-in Plaintiff's Settlement Payment; (2) the amount of the Settlement Payment attributed to wages; and (3) the amount of the Settlement Payment attributed to liquidated damages.

        (vi)        If, after expiration of the Check Cashing Deadline, amounts remain in the Settlement Account, the Settlement Administrator shall return those funds to Defendants within 14 days after the expiration of the Check Cashing deadline.

        (h)    <u>Dismissal of the Action:</u> The Parties shall, within seven (7) days after the Check Cashing Deadline lapses, execute and file a Stipulation of Voluntary Dismissal with Prejudice dismissing the Action, with prejudice and without costs or fees to either side except as provided in this Joint Stipulation.

## 8.    <u>WITHDRAWAL OF CERTAIN CONSENTS</u>

Individuals who have previously filed consents in the Action, but who are not included on Exhibit A will be withdrawn from the Action within 10 days of the Court's entry of the order approving this Joint Stipulation. The Parties agree that to the extent these individuals may have unpaid overtime claims under either federal or state law which have not previously been waived, the statute of limitations for their claims and any class they sought to represent in the Complaint filed in the Action will be considered to have been tolled from the date they filed their consent to 30 days after the date they withdraw it, at which time the statute of limitations will resume running.

## 9.    <u>PRESS STATEMENTS AND CONFIDENTIALITY OF THIS STIPULATION</u>

Neither Party shall issue a press release regarding this Joint Stipulation or the Settlement of the Action. If the Parties are contacted by the press with regard to this Action or the Settlement, they will indicate only that the Parties reached a mutually satisfactory resolution of the Action. All Counsel involved and the Named Plaintiffs will not discuss the terms of this Joint Stipulation

or the Settlement in communications with any third party except their accountants, immediate family members and class members other than as may be necessary to effect the settlement or as required by law; to the extent permitted by the ethical rules of the state in which Class Counsel practice, they will not advertise in any manner any term of the settlement except as required by court rules or as may be directed by the Court; they will not communicate in any manner the terms of this Joint Stipulation with the media (print, radio or social media); they will not give speeches, write articles, or otherwise make marketing or commercial use of this Joint Stipulation or the terms of this settlement though they may reference they were Class Counsel for in excess of 1000 individuals in this Action in future fee petitions, settlement approvals, and class counsel appointment documents, and Counsel will not include or otherwise reference this Joint Stipulation on Counsel's website (and if already on it will withdraw it).

10.   <u>MUTUAL FULL COOPERATION</u>

The Parties agree that they will fully cooperate with each other to effectuate and implement all terms and conditions of this Joint Stipulation, and exercise good-faith efforts to accomplish the terms and conditions of this Joint Stipulation.

11.   <u>CONSTRUCTION</u>

The terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arm's-length negotiations between the Parties. Accordingly, this Joint Stipulation is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Joint Stipulation.

12.   <u>INTEGRATION</u>

This Joint Stipulation contains the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and

*NJ 230646328v1*

*NJ 230791755v1*

statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. There are no undisclosed side agreements between the Parties or their counsel. No rights hereunder may be waived except in writing.

13.     BINDING ON SUCCESSORS AND ASSIGNS

This Joint Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

14.     MODIFICATION

This Joint Stipulation may not be changed, altered, or modified, except in a writing signed by the Parties and, if the Joint Stipulation is to be modified at any time after the Settlement has been approved by the Court, then any such modification must likewise be approved by the Court. This Joint Stipulation may not be discharged except by performance with its terms or by a writing signed by the Parties and approved by the Court.

15.     APPLICABLE LAW

The terms of this Joint Stipulation shall be governed by and construed in accordance with Illinois law without regard to its choice of law provisions.

16.     THIS SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action and have diligently pursued an investigation of the claims alleged in the Action. The Parties further represent and warrant that they believe this Settlement is a fair and reasonable resolution of this Action and that they have arrived at this Settlement in arm's-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations, facilitated by Mediator Hunter Hughes.

*NJ 230646328v1*

*NJ 230791755v1*

17. **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Joint Stipulation and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Joint Stipulation and all orders and judgments entered in connection therewith.

18. **COUNTERPARTS**

This Joint Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to all Parties. Electronic signatures compliant with the ESIGN Act and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

19. **PARTIES' AUTHORITY**

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Parties to its terms and conditions.

By: _____     Dated: 5/29/2018 _____
    Plaintiff _Tenisha Brewer_____

By: _____     Dated: _____
    Plaintiff _____

APPROVED AS TO FORM:

By: _____     Dated: 05/29/2018 _____
    J. Derek Braziel

19

17.  **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Joint Stipulation and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Joint Stipulation and all orders and judgments entered in connection therewith.

18.  **COUNTERPARTS**

This Joint Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to all Parties. Electronic signatures compliant with the ESIGN Act and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

19.  **PARTIES' AUTHORITY**

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Parties to its terms and conditions.

By: _____    Dated: _____

Plaintiff _____

By: _____    Dated: _____

Rosario Gongora-Ownby                     5/29/2018

Plaintiff _____

**APPROVED AS TO FORM:**

By: _____    Dated: ___05/29/2018_____

J. Derek Braziel

19

Plaintiffs' Counsel


By:    _____     Dated: _____
       Molina Healthcare, Inc.
       Molina Healthcare of Texas, Inc.

Its:   _____


APPROVED AS TO FORM:

By:    _____     Dated: _____
       Robert H. Bernstein
       Defendants' Counsel


20

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Bauer, Bonnie | $ 354.01 |
| Eyres, Lisa | $ 71.51 |
| Gnefkow, Jennifer L | $ 1,120.14 |
| Kraft, Ann | $ 196.67 |
| Lelas Sullivan, Patricia | $ 118.00 |
| Lorenzetti, Nancy L | $ 2,601.36 |
| Midgett, Sandy | $ 225.27 |
| Pilarrski, Bridgette | $ 119.54 |
| Stansfield, Heather | $ 1,620.80 |
| Thomas, Crickett | $ 236.00 |
| Thomas, Terrie | $ 171.79 |
| Whitener, Sheila | $ 236.00 |
| Myre, Amanda | $ 2,593.38 |
| Wiggins, Patrick E | $ 4,146.16 |
| Aggas, Mary E | $ 2,808.28 |
| Akers, Katherine Elizabeth | $ 791.06 |
| Akers, Katherine Elizabeth | $ 3,956.18 |
| Alavazarez, Mandy | $ 2,383.01 |
| Allison, Kim | $ 551.95 |
| Anderson, Kristina Dawn | $ 559.02 |
| Apostol, Mylene | $ 1,999.00 |
| Arroyo, Adriana | $ 1,172.26 |
| Ashton-hale, Robin Louise | $ 2,830.07 |
| Avant Deshazer, Keisha | $ 707.39 |
| Bailey, Casey | $ 2,580.43 |
| Bailey, Casey | $ 343.42 |
| Ballard, Robye | $ 516.46 |
| Bankole, Saniyyah | $ 3,025.83 |
| Baskerville,LaShai | $ 1,073.56 |
| Berry, Shaneice | $ 1,886.86 |
| Blakeman, Cynthia K | $ 3,914.61 |
| Blaney, Barbara | $ 2,643.16 |
| Boesdorfer, Donna | $ 1,273.38 |
| Bourgouin,Marie | $ 1,118.79 |
| Bracco-Tabora, Lisa | $ 467.35 |
| Bracco-Tabora, Lisa | $ 4,740.30 |
| Bradford-lusbourgh, Khalilah | $ 971.73 |
| Bragg-finch, Latoya | $ 2,921.75 |
| Breckenridge, Jean M | $ 1,958.06 |
| Brewer, Tenisha | $ 3,388.69 |
| Brown, Jovetta L | $ 5,207.62 |
| Buford-Travis,Antoinette | $ 808.64 |
| Burns, Berenice | $ 5,578.45 |
| Buscher, April | $ 3,575.03 |
| Castillo, Cristina | $ 735.24 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Celio, Kathy A | $ 507.74 |
| Chambers, Patrice G | $ 5,263.62 |
| Chapman, Merideth | $ 2,066.59 |
| Chapman, Merideth | $ 332.70 |
| Clark, Angie | $ 2,210.41 |
| Clark, Vicki D | $ 696.95 |
| Coleman Jr,Wister | $ 1,048.86 |
| Collins, Cara Christine | $ 4,041.12 |
| Collins, Cara Christine | $ 360.14 |
| Collinsworth,Erin | $ 895.66 |
| Cortez,Faviola | $ 1,289.50 |
| Cox, Latia | $ 5,557.20 |
| Davis, Latrice | $ 5,919.80 |
| Dennis, Catherine Mary | $ 3,582.07 |
| Dennison, Charlotte Louise | $ 3,810.98 |
| Derecho, Rosette | $ 238.90 |
| Derecho, Rosette | $ 616.59 |
| Diji, Anthony | $ 1,604.15 |
| Dockery, Shalanda Melvina | $ 3,201.63 |
| Dyer, Kathy | $ 712.60 |
| Ella, Noel | $ 5,557.45 |
| Farmer, Janie Marie | $ 706.62 |
| Farmer, Janie Marie | $ 4,239.71 |
| Fazio, Carmi | $ 2,526.17 |
| Fikri, Sara | $ 1,556.03 |
| Gerard, Kimberly | $ 1,705.75 |
| Goodman,Lisa | $ 1,059.37 |
| Goodwin, Maggie | $ 546.73 |
| Gorens, Amy Noel Dennison | $ 4,860.04 |
| Gunderson-schweska, Topaz | $ 4,616.57 |
| Hamlin, Lori | $ 5,329.01 |
| Hammond,Sheree | $ 1,110.56 |
| Hathway, Kari | $ 4,396.00 |
| Hawley, Bethany | $ 5,582.29 |
| Hoedebecke, Cory Edward | $ 3,006.93 |
| Hoedebecke, Cory Edward | $ 319.29 |
| Holvay, Christi | $ 2,170.21 |
| Jackson, Cornelius William | $ 720.15 |
| Jackson, Couren | $ 2,893.89 |
| Jackson, Rebecca | $ 5,360.34 |
| Jamison, Kimberly Lorean | $ 216.00 |
| Jaycox, Joanne | $ 6,306.25 |
| Johnson, Pamela | $ 4,537.80 |
| Kamrath, Angela M | $ 675.75 |
| Kamrath, Angela M | $ 4,300.20 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Kiarie, Rahab | $ 110.40 |
| Kiarie, Rahab | $ 55.20 |
| Kim, Denthi | $ 7,051.51 |
| Kolanowski, Lori | $ 4,657.50 |
| Korman, Carolyn Marie | $ 5,221.01 |
| Korza, Maureen | $ 6,143.47 |
| Krusz, Mary | $ 3,489.90 |
| Labrier, Amanda | $ 3,442.40 |
| Lees, Pamela Paige | $ 287.17 |
| Lees, Pamela Paige | $ 3,446.02 |
| Lewis, Keyana | $ 1,537.31 |
| Lewis, Paul E | $ 4,980.99 |
| Lucas, Laura | $ 3,573.99 |
| Lucas, Lyndi | $ 4,547.76 |
| Lucas,Kinya | $ 1,122.20 |
| Luff, Vickie | $ 2,588.87 |
| Luster, Karen | $ 4,655.59 |
| Malinowski, Annette | $ 238.90 |
| Malinowski, Annette | $ 205.53 |
| Mangalindan, Chris | $ 2,849.66 |
| Marks,Julie | $ 1,110.56 |
| Matzker, Karen | $ 2,986.57 |
| Meyer, Jamie L | $ 1,702.33 |
| Milward, Leigh | $ 1,405.51 |
| Moore-jones, Tanya | $ 1,773.84 |
| Morgan, Michele S | $ 3,500.17 |
| Morris, Tisha Breeann | $ 5,705.03 |
| Moskal, Sara | $ 1,020.09 |
| Moyo,Sikhumbuzo | $ 620.16 |
| Niehaus, Amy | $ 2,954.03 |
| Ochs, Leigh | $ 1,591.65 |
| Ochs, Leigh | $ 294.20 |
| Patterson,Kim | $ 505.85 |
| Petty, Shawn | $ 2,336.58 |
| Petty, Shawn | $ 277.65 |
| Pierce,Wanda | $ 1,048.86 |
| Pointdujour, Janis | $ 4,172.52 |
| Portz, Amy | $ 2,637.80 |
| Powell, Lisa Ann | $ 3,895.14 |
| Rakers, Karrie | $ 4,044.12 |
| Rakers, Karrie | $ 229.92 |
| Reilly,Shirley | $ 1,073.56 |
| Reno,Mike | $ 908.54 |
| Rentschler, Wendy | $ 757.87 |
| Restagno, Kara | $ 284.54 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Rhodes, Kimberly | $ 4,027.66 |
| Riddle, Melissa | $ 3,033.72 |
| Riddle, Melissa | $ 342.80 |
| Rogers, Dana Renee | $ 4,798.54 |
| Rosenblum, Jane | $ 5,340.70 |
| Roszyk, Michael Robert | $ 4,639.09 |
| Sanchez, Courtney N | $ 7,093.75 |
| Schober, Amy | $ 3,508.10 |
| Schober, Amy | $ 318.92 |
| Schrader, Teresa | $ 1,020.83 |
| Sellers, Shae Bethany | $ 4,930.04 |
| Shepherd, Heather | $ 3,028.42 |
| Slone, Lynn | $ 5,965.18 |
| Smith, April M | $ 4,954.72 |
| Soderquist, Donna | $ 4,662.16 |
| Sofia, Melissa T | $ 5,532.70 |
| Souva, Kristin Ann | $ 2,962.04 |
| Spann, Kimberly Sue | $ 7,366.46 |
| Stewart, Michele | $ 1,642.57 |
| Stewart, Tasia | $ 1,139.56 |
| Stewart, Tasia | $ 3,479.22 |
| Szczepanski, Diana M | $ 2,220.12 |
| Szczepanski, Diana M | $ 263.81 |
| Thomas,Nekia | $ 1,048.86 |
| Travis, Kimberly | $ 442.38 |
| Tucker, Tamika | $ 4,239.26 |
| Venturini, Abbey | $ 3,099.99 |
| Venturini, Abbey | $ 171.90 |
| Verdu, Brandi | $ 4,802.20 |
| Wasmuth, Anna M | $ 3,884.74 |
| Weigler, Kara | $ 1,570.47 |
| Westbrook, Orastine | $ 1,209.31 |
| White,Tanisha | $ 1,110.56 |
| Wubker, Amy | $ 62.73 |
| Wunsch, Kathryn | $ 332.44 |
| Wunsch, Kathryn | $ 706.19 |
| Young Ligman, Wanda | $ 4,281.05 |
| Young, Janice | $ 7,138.25 |
| Zellers, Danielle K | $ 3,270.71 |
| Zellers, Danielle K | $ 690.66 |
| Zentner, Jennifer | $ 606.69 |
| Alexander,Khadijah | $ 503.87 |
| Amato, Karen T | $ 2,951.21 |
| Amhowitz, Carly | $ 424.89 |
| Armstrong, Anthony | $ 1,406.70 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Asher, Daniella | $ 1,331.27 |
| Balagot, Bernardita | $ 571.78 |
| Baptiste, Linda | $ 1,401.83 |
| Barbee, Ana Marie | $ 511.07 |
| Beaurem, Venitress Jajuan | $ 2,261.93 |
| Belanger, Andrea | $ 1,005.16 |
| Berger Cromwell, Megan | $ 1,901.82 |
| Blankenship, Kelly | $ 2,139.63 |
| Branstner, Megan | $ 1,192.85 |
| Brockert, Carlene | $ 1,772.86 |
| Brundige, Kezzia S | $ 2,567.65 |
| Bruss, Catherine Ann | $ 75.07 |
| Bryant-Jones, Sierra | $ 1,997.04 |
| Butler, Jessica Ann | $ 1,725.90 |
| Carlin, Christine | $ 5,714.97 |
| Chin, Janet | $ 4,874.26 |
| Clein, Janice | $ 3,317.25 |
| Clonan, Tammy Marie | $ 1,576.38 |
| Coin, Pamela | $ 1,960.03 |
| Collins, Traci Lynn | $ 1,898.27 |
| Cook, Melissa | $ 888.44 |
| Coolman, Tamara Lee | $ 2,360.97 |
| Davenport, LaTonya | $ 2,504.35 |
| Davis,Tamika | $ 608.76 |
| Donovan, Barbara | $ 2,457.48 |
| Drew-edwards, Kathleen L | $ 2,039.02 |
| Dries, Erika | $ 1,799.54 |
| Driscoll, Mary | $ 4,971.83 |
| Dumanois, Christine R | $ 2,129.21 |
| Dunny,Erin | $ 575.03 |
| Ellis, Selina | $ 2,513.81 |
| Farrow, Mary | $ 2,731.94 |
| Fitzgerald-lewis, Dangtoy | $ 1,974.65 |
| Gagne, Andrew | $ 1,641.18 |
| Graves, Bethany | $ 1,110.55 |
| Gray, Elaine Marie | $ 4,210.65 |
| Grimmett, Sharon J | $ 4,487.92 |
| Halleck, Mary | $ 5,027.75 |
| Hardwick, Amber D | $ 5,570.44 |
| Harmon Rich, Kristy | $ 4,695.68 |
| Havens, Sandra | $ 3,837.86 |
| Ignatoski, Patrick | $ 4,325.43 |
| Jaworowski, Eugenia Paula | $ 6,581.04 |
| Johnson, Carol | $ 39.27 |
| Johnson, Floretta | $ 2,702.96 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Jones, Tonia | $ 1,924.96 |
| Kaba, Jacqueline | $ 30.65 |
| Kaspor, Edmund | $ 1,871.52 |
| Kennedy, Deborah | $ 3,316.77 |
| Key, Mia | $ 2,341.10 |
| Kong, Jessica | $ 2,218.80 |
| Krueger, Anne | $ 3,535.51 |
| Larry, Monique Y | $ 423.60 |
| Lessing, Trisha L | $ 4,698.40 |
| Loomis, Teresa | $ 888.44 |
| Lummus, Rosalie | $ 2,271.10 |
| Lundwall, Kenneth J | $ 5,732.28 |
| Lyons-Davis, Sybil Celeste | $ 5,848.99 |
| Mack, Chandra | $ 3,325.53 |
| Macko, Robyn L | $ 7,213.34 |
| Mareel, Cynthia | $ 3,836.58 |
| Mareel, Julie | $ 940.40 |
| Marquez, Alyssa A | $ 268.96 |
| Marsh, Sarah | $ 2,545.26 |
| Marty, Michelle Rene | $ 2,643.16 |
| Massad,Dawn | $ 502.17 |
| Maxwell, Julie | $ 2,159.60 |
| Mcauley, Julie | $ 1,064.29 |
| Mcconner, Doretta | $ 3,225.31 |
| McElyea, Ashley | $ 396.49 |
| Mckay, Heather | $ 1,789.27 |
| McLay, Katrina | $ 433.38 |
| Mcleod, Kali | $ 2,220.45 |
| Mellesmoen, Jane | $ 3,401.53 |
| Monk, Erika | $ 2,416.62 |
| Monk, Geralynn | $ 77.46 |
| Neal, Melissa M | $ 2,190.06 |
| Nessel Taha, Kristine | $ 2,980.85 |
| Norris, Dana | $ 3,129.65 |
| O'brien, Cynthia | $ 2,073.04 |
| Oleary, Mary | $ 76.09 |
| Ong, Lea Angeli | $ 1,583.59 |
| Pandori, Adrienne Nicole | $ 688.67 |
| Paraski, Corey | $ 1,367.65 |
| Parker, Kimberly | $ 1,799.54 |
| Parks,Timothy | $ 900.79 |
| Pascoe, Leslie | $ 2,937.11 |
| Perry, Jeanie | $ 5,334.68 |
| Person, Vincina | $ 2,945.25 |
| Pickett, Kathleen | $ 2,703.28 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Pilarski, Brigette Rebecca | $ 6,030.23 |
| Puwal, Deborah | $ 4,639.87 |
| Quick,Tammy | $ 1,369.70 |
| Ramsey, Nicole | $ 1,987.28 |
| Rhadigan, Christine | $ 1,844.51 |
| Rice, Nicole | $ 10.22 |
| Rossio, Jane Louise | $ 5,555.28 |
| Russo, Claudette Ann | $ 5,763.69 |
| Sanders, Faye | $ 518.26 |
| Schmiedeknecht, Marsha | $ 2,049.01 |
| Schultz, Nicole | $ 2,781.59 |
| Sebok, Brooke | $ 4,371.43 |
| Simons, Ramona | $ 2,191.85 |
| Smith, Tracy | $ 1,615.26 |
| Soroka,Heather | $ 913.14 |
| Sparling, Michelle | $ 3,318.56 |
| Spreeman, Ann Elizabeth | $ 1,953.88 |
| Stallworth,Nakia | $ 1,110.55 |
| Steere, Rebecca | $ 3,024.76 |
| Stungard, Sandra J | $ 3,458.39 |
| Taylor, Regina | $ 2,794.15 |
| Thomas, Melanie | $ 375.33 |
| Toney, Melissa | $ 1,151.70 |
| Turner, Dafiney | $ 2,580.25 |
| Van Kampen, Joan | $ 375.33 |
| Vancise, Carrie Beth | $ 1,871.52 |
| Walakonis,Nancy | $ 814.41 |
| Walker, Laura | $ 310.69 |
| Walters, Jennifer | $ 2,852.91 |
| Wang, Chen-Yi | $ 6,451.25 |
| Webster, La Vinya | $ 3,066.88 |
| Williams, Barbara | $ 2,264.91 |
| Williams,Lorie | $ 740.37 |
| Yost, Jennifer | $ 2,261.89 |
| Abrams, Regina | $ 1,269.95 |
| Adesanya, Kudirat Olushola | $ 3,934.85 |
| Adkins, Misty Lynn | $ 4,843.43 |
| Agner, Tamara D | $ 4,975.94 |
| Alessio, Christine | $ 1,118.79 |
| Anderson, Amber | $ 1,455.74 |
| Armstrong,Amy | $ 729.35 |
| Armstrong-Beadle, Shawn | $ 1,071.49 |
| Asiaw, Mavis | $ 2,913.97 |
| Asong, Ndematelen Ngwacha | $ 1,631.27 |
| Avalon, Deborah Ann | $ 243.17 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Badgley, Amanda | $ 324.51 |
| Baker, Melody | $ 745.54 |
| Baldwin, Victoria I | $ 1,683.51 |
| Ball, Debra | $ 2,245.22 |
| Banks, Leslie K | $ 2,439.45 |
| Barbadora, Kathleen | $ 4,508.53 |
| Bare, Brenda J | $ 1,110.95 |
| Barnes, Diane L | $ 6,281.78 |
| Barnes, Pamela | $ 452.98 |
| Barrax, Cheryl | $ 1,680.80 |
| Barrax, Cheryl | $ 2,684.28 |
| Bayham, Dustin | $ 20.80 |
| Beck, Genevieve | $ 326.49 |
| Beelen, Mary Chrys | $ 463.44 |
| Benson, Linda G | $ 1,590.79 |
| Benson, Linda G | $ 1,281.18 |
| Berens, Mary Angela | $ 506.30 |
| Berkal, Louise Anne | $ 796.84 |
| Black,Candies | $ 892.58 |
| Bloomfield, Jonna R | $ 4,222.51 |
| Boes, Kristin C | $ 4,673.54 |
| Boyce, Kelly | $ 1,564.22 |
| Boykin, Danielle | $ 899.82 |
| Branson, Janette | $ 1,147.60 |
| Brown, Akon I | $ 4,511.88 |
| Brown, Christina Marie | $ 3,913.37 |
| Brown, Daria | $ 1,233.96 |
| Brown, Julie Ann | $ 4,566.54 |
| Buckner, Charlene | $ 127.52 |
| Burch, Shelby | $ 3,161.52 |
| Burton, Connie | $ 2,131.04 |
| Campbell, Marjorie Marie | $ 3,175.37 |
| Campos, Tresa S | $ 1,914.72 |
| Carnes,Joan | $ 795.92 |
| Carr, Heidi | $ 2,692.94 |
| Carter, Jane | $ 564.54 |
| Chethuan, Robin | $ 60.66 |
| Christian, Lawana | $ 3,102.52 |
| Clifton, Tari Joanne | $ 3,182.43 |
| Coile, Jill Christine | $ 1,480.53 |
| Colbert, Sabrina | $ 1,250.41 |
| Cooper-vara, Caroline J | $ 4,756.71 |
| Covington, Lenore | $ 627.27 |
| Cox, LaTanya | $ 1,697.74 |
| Dagnew, Tigist | $ 4,658.51 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Davis, Erin Suzanne | $ 5,019.68 |
| Davis, Hillary | $ 2,135.13 |
| Davis, Quinetta | $ 1,336.79 |
| Davis, Shelby | $ 4,973.29 |
| Day, Rachel | $ 4,798.50 |
| Delmore, Sean P | $ 3,230.43 |
| Denson, Dionne | $ 2,699.36 |
| Derussy, Mary | $ 2,133.58 |
| Dewyre, Catherine E | $ 4,549.56 |
| Diallo,Mamadou | $ 1,003.63 |
| Dick, Charla | $ 4,790.08 |
| Dick, Dennis | $ 5,629.28 |
| Driscoll, Kanisha Nicole | $ 4,883.45 |
| Droll, Marilyn | $ 5,225.48 |
| Drusky,Kim | $ 855.54 |
| Duff, Joyce A | $ 4,849.94 |
| Eddingfield, Rose M | $ 4,716.64 |
| Edwards-Wallace, Sharon | $ 6,280.08 |
| Elliott, Billie Jo | $ 4,829.07 |
| Engler, Kathleen A | $ 4,477.74 |
| Ericksen, Susan M | $ 1,579.46 |
| Eten, Angela | $ 4,740.30 |
| Euton, Brenda Kay | $ 4,813.39 |
| Fagin, Javon | $ 2,075.83 |
| Fisher, Lindsay | $ 3,150.91 |
| Fletcher-Howard, Donna | $ 5,244.17 |
| Fogarty, Ann Marie | $ 4,506.35 |
| Ford, Julie Kay | $ 5,190.24 |
| Fox, Clarissa | $ 323.11 |
| Fox, Clarissa | $ 3,231.11 |
| Franko, Gale Anne | $ 4,832.23 |
| Freeman, Brady | $ 1,978.47 |
| Frey, Lori Anne | $ 5,556.10 |
| Fries, Sarah | $ 175.84 |
| Fritts, Allana Elizabeth | $ 4,511.04 |
| Frost, Stacy Lynn | $ 2,980.65 |
| Fuller, Valarie | $ 1,151.46 |
| Gakenia, Julia | $ 4,421.73 |
| Gaver-Thompson, Denise W | $ 4,322.43 |
| Gear, Jennifer | $ 2,352.56 |
| Gettings, Leah Marie | $ 4,593.41 |
| Gildow, Heidi Nicole | $ 576.01 |
| Gildow, Heidi Nicole | $ 1,532.58 |
| Ginn, Norman | $ 2,311.31 |
| Glancy, Marilyn | $ 1,799.47 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Golden, Tracy | $ 3,334.46 |
| Golubich, Robert | $ 899.76 |
| Goolsby, Carol | $ 4,386.75 |
| Gray, Chandra L | $ 2,043.52 |
| Grebelsky, Lily | $ 4,248.56 |
| Green, Carl | $ 2,454.35 |
| Green, Lauren N. | $ 4,311.75 |
| Greenbaum, Jennifer L | $ 4,334.59 |
| Greenfield, Cheryl | $ 5,198.48 |
| Griffin, Pamela R | $ 4,383.72 |
| Halbur, Christina Marie | $ 3,963.90 |
| Haley, Melissa | $ 3,761.95 |
| Hannola, Cynthia | $ 3,905.71 |
| Hanny, Tina | $ 3,694.77 |
| Harrington, Jane Marie | $ 3,927.84 |
| Harris, Deshawn | $ 2,817.35 |
| Harris, Nichole Lanette | $ 4,002.08 |
| Harris, Rebecca | $ 1,357.35 |
| Harter, Patricia | $ 623.49 |
| Harter, Patricia | $ 2,396.20 |
| Heinz, Carolyn Sue | $ 5,263.93 |
| Hicks, Ashanna | $ 5,195.14 |
| High, Angela | $ 4,608.50 |
| Hinman, Debra L | $ 2,077.16 |
| Hinman, Lori | $ 2,139.45 |
| Hochevar,Catherine | $ 828.82 |
| Hood, Christina | $ 2,198.54 |
| Howard, Audreanna Faye | $ 4,038.47 |
| Huber, Adoria A | $ 5,145.31 |
| Huddle, Kristin R | $ 4,553.57 |
| Hudson, Nakeia | $ 694.07 |
| Hughes, Lori Lynn | $ 4,945.02 |
| Imbeah, Abigail A | $ 5,825.94 |
| Irungu, Maureen | $ 4,196.56 |
| Jacks, Kathryn | $ 4,196.42 |
| Jervis, Kelly | $ 4,583.74 |
| Jingle, Rosemarie | $ 1,692.40 |
| Johnson, Kristen Jo | $ 4,573.72 |
| Johnson, Nekisha Shanutane | $ 1,425.21 |
| Johnson, Shirley R | $ 5,187.59 |
| Jollis, Barbara Lorraine | $ 4,967.23 |
| Jones, Freda | $ 4,898.24 |
| Jones, Nina J | $ 4,788.94 |
| Josifov,Andra | $ 906.95 |
| Kadelak, Andrea Carlotta | $ 5,935.37 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Khan, Danielle | $ 2,146.00 |
| Kibby, Davonna | $ 10.76 |
| Kibby, Davonna | $ 123.41 |
| King, Annette Renee | $ 4,852.47 |
| Kingsolver, Samantha | $ 1,950.17 |
| Knox, Jacqueline Ann | $ 2,570.88 |
| Kuhn, Donna May | $ 5,638.05 |
| Kuran, Billie J | $ 1,505.59 |
| Ledwell, Melissa M | $ 5,366.77 |
| Legg, Cara | $ 3,995.91 |
| Leposa, Diane Lynn | $ 4,977.36 |
| Lester, Maria Kathleen | $ 3,657.84 |
| Levy, Jordan | $ 4,174.69 |
| Lewis-Curnutte, Laurie | $ 4,352.50 |
| Lippencott, Deborah | $ 2,900.39 |
| Little, Alisha | $ 1,921.37 |
| Long, Jaime | $ 1,530.13 |
| Lucas,Brandy | $ 600.11 |
| Lucius, Joan Marie | $ 1,147.60 |
| Lugay, Amy | $ 3,057.80 |
| Lumpkins, Tonya | $ 4,987.58 |
| Marable, Tabitha | $ 191.28 |
| Markey, Kimberly | $ 1,447.84 |
| Martin, Jennifer | $ 3,887.61 |
| Martin, Latisa Lauren | $ 4,434.53 |
| Masonbrink, Vicki | $ 5,615.70 |
| Mayne, Rebecca | $ 4,983.60 |
| Mazzei, Erica | $ 1,832.91 |
| Mcclanahan, Jessi K | $ 3,877.07 |
| Melcher, Michelle | $ 1,985.62 |
| Meyers,Wanda | $ 964.03 |
| Mezie,Elizabeth | $ 2,145.71 |
| Miller Winston, Susan | $ 4,219.74 |
| Miller, Roxanna | $ 642.69 |
| Mizanin, Wendy | $ 5,878.49 |
| Montgomery, Shannon | $ 80.68 |
| Morris, Amanda M | $ 4,244.84 |
| Mulford, Denise L | $ 2,838.27 |
| Mutai, Lucy | $ 3,246.72 |
| Myers, Walter | $ 4,569.45 |
| Needham, Christine Louise | $ 2,331.47 |
| Needham, Christine Louise | $ 1,427.71 |
| Nelson, Marie | $ 1,403.63 |
| Ngayap, Irene | $ 6,010.80 |
| Niederhuber,Deborah | $ 1,101.30 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Noble, Shawnda | $ 1,670.99 |
| Obeng, Matilda | $ 647.82 |
| Oeder, Lisa | $ 2,299.60 |
| Oshokpekhai, Ola | $ 1,775.39 |
| Owiso, Florence | $ 2,579.49 |
| Paessun, Erin | $ 1,887.96 |
| Palmer, Deidre | $ 5,248.16 |
| Pearson, Dorisalaan T | $ 5,737.43 |
| Pennington, Nakita | $ 1,785.15 |
| Pfeiffer, Heather Lynn | $ 1,816.65 |
| Pfeiffer, Heather Lynn | $ 793.30 |
| Phillips, Shirley Anne | $ 4,442.53 |
| Pifer, Roxanne | $ 1,402.71 |
| Poynter, Deneane L | $ 4,208.91 |
| Pryor, Tracey | $ 1,321.93 |
| Pryor, Tracey | $ 3,166.73 |
| Purk, Jessica | $ 1,402.62 |
| Radcliff, Lamira D | $ 3,722.61 |
| Raymond, Timothy Peter | $ 4,002.02 |
| Recinella, Mary F | $ 4,237.23 |
| Rhoads, Belinda M | $ 4,865.83 |
| Riley,Tyisha | $ 647.82 |
| Ripley, Tasha | $ 2,769.01 |
| Roberts, Monica Jean | $ 4,031.56 |
| Roberts, Rachelle Neail | $ 3,307.07 |
| Robinson, Bruce | $ 1,279.71 |
| Russell, Cheryl L | $ 64.82 |
| Sanders, Loren Jacob | $ 5,461.82 |
| Schneider, Kelly L | $ 4,619.65 |
| Schoen, Karen J | $ 4,769.50 |
| Schoenborn-Young, Cynthia Ann | $ 5,327.55 |
| Shackelford, Mark A | $ 1,978.47 |
| Shaner, Jennifer | $ 3,932.30 |
| Shanklin, Shellie | $ 234.86 |
| Sharp, Yvette | $ 2,833.21 |
| Siders, Tara | $ 3,871.74 |
| Silva, Susan | $ 4,288.46 |
| Simpson, Ellaree | $ 1,387.08 |
| Singleton, Kelli | $ 10.22 |
| Skelly, Marcia | $ 4,360.99 |
| Slone, Cheryl | $ 1,537.31 |
| Smith, Cassidy A | $ 4,189.08 |
| Smith, Dale James | $ 5,360.54 |
| Smith, Dawn M | $ 4,691.27 |
| Smith, Juwanda | $ 4,241.28 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Smith, Margaret E | $ 1,557.78 |
| Smith, Margaret E | $ 610.84 |
| Smith, Michelle Marie | $ 5,086.32 |
| Snoke, Lucinda Susan | $ 3,853.69 |
| Somori, Heather | $ 1,094.11 |
| Soper, Amy | $ 1,036.51 |
| Sowers, Janice Diane | $ 4,694.37 |
| Stalter, Kathleen P | $ 4,791.09 |
| Stewart, Kim R | $ 4,674.35 |
| Stokes, Charles W | $ 4,446.99 |
| Stoner, Jean M | $ 3,365.89 |
| Sullivan, Lottie | $ 5,519.65 |
| Sutton, Kimberly | $ 4,869.60 |
| Swank, Katherina | $ 4,184.73 |
| Swanson, Patricia | $ 63.76 |
| Teale, Mary Katherine | $ 4,629.46 |
| Thomas, Megan | $ 1,593.50 |
| Tipton, Natalie A | $ 2,485.71 |
| Toles,Sylvia | $ 925.47 |
| Tramuta, Kimberly | $ 1,002.60 |
| Truss, Rhonda | $ 1,645.52 |
| Tuttle, Nancy | $ 3,251.51 |
| Tyson, Ronda L | $ 1,191.56 |
| Valentine, Kathleen Therese | $ 3,526.52 |
| Van Petten, Tracey | $ 2,871.35 |
| Vaughn, Lisa | $ 2,109.37 |
| Vidovic-Smith, Candice Marie | $ 4,299.66 |
| Walentschak, Bobbi | $ 4,760.26 |
| Wallace, Tami | $ 2,203.90 |
| Walsh, Kayla Lynn | $ 4,754.15 |
| Walters, Amy L | $ 3,597.84 |
| Wambold, Denise L | $ 5,197.02 |
| Wango, Victorine Vanessa | $ 5,702.83 |
| Watson, Nakisha | $ 1,830.40 |
| Weaver, Laraine | $ 4,393.90 |
| Wentworth, Patricia L | $ 5,170.89 |
| White, La'shawn | $ 2,542.52 |
| Willams, Jennifer | $ 4,633.34 |
| Wilson, Julie L | $ 3,538.78 |
| Wissman, Rachael Anne | $ 4,923.87 |
| Woltz, Vicki L | $ 3,947.02 |
| Worley, Julie Kay | $ 5,004.32 |
| Wright, Alicia | $ 647.82 |
| Wright, Patricia | $ 2,633.44 |
| Wymer, Stacy R | $ 5,013.82 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Wynn, Gillian | $ 4,131.13 |
| Younger, Lynn D | $ 948.67 |
| Zelnar,Meredith | $ 842.17 |
| Allen, Michelle Huckabee | $ 780.01 |
| Bailey-thomas, Laurie | $ 199.90 |
| Baranofsky, Ann-Marie | $ 1,694.90 |
| Barcia, Deborah A | $ 457.08 |
| Brock, Jamie | $ 154.62 |
| Choice, Robin R | $ 219.18 |
| Choice, Robin R | $ 2,470.40 |
| Coker, Shana | $ 399.45 |
| Dobbins, Jane | $ 735.24 |
| Dondzila, Jenny M | $ 860.88 |
| Dondzila, Jenny M | $ 3,068.85 |
| Durbin, Crystal G | $ 5,346.10 |
| Dyer, Marie | $ 1,390.98 |
| Hayes, Stephanie | $ 935.76 |
| Herrman, Jennifer | $ 2,472.19 |
| Liafsha,Heather | $ 925.48 |
| McClanahan, Benai | $ 3,128.10 |
| Nessel,Nicole | $ 678.68 |
| Sutton, Angela | $ 2,352.76 |
| Adams, Alesia | $ 4,923.14 |
| Adams, Latanya | $ 2,869.73 |
| Adeyemo, Adenike Oyinade | $ 3,415.07 |
| Adeyemo, Dunni | $ 4,968.46 |
| Aguilar, Norma Teresa | $ 4,900.41 |
| Alanis Garcia, Maria | $ 526.04 |
| Alfaro, Marysol | $ 2,333.53 |
| Allen, Kendra | $ 2,718.69 |
| Alvarado, Eunice Renee | $ 2,554.71 |
| Alvarez, Dolores M | $ 1,498.06 |
| Alviar, Araceli | $ 157.43 |
| Anglin, Blanca | $ 1,715.44 |
| Arizola, Aimee Felicidad | $ 6,155.01 |
| Avila, Nora | $ 1,359.88 |
| Ayanwale, Elizabeth | $ 553.37 |
| Babers, Angela | $ 1,121.90 |
| Bahner, Veronica | $ 1,006.25 |
| Bailey, Ashley Nichole | $ 536.93 |
| Balderas, Elizabeth | $ 2,632.02 |
| Banks, Irish | $ 1,006.25 |
| Banks, Lela | $ 3,790.83 |
| Barrera, Maria | $ 566.30 |
| Battle, Nyarai | $ 1,002.60 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Becker, Selina Dolores | $ 3,424.97 |
| Bedeau, Megan | $ 2,517.30 |
| Begley, Claudia | $ 3,171.81 |
| Bernardez, Diana | $ 857.96 |
| Berry, Matthew Wayne | $ 428.85 |
| Berry, Natalie Marie | $ 428.03 |
| Bonner, Amy | $ 6,396.97 |
| Bradford, Maisha | $ 1,480.74 |
| Bradley, Shannon | $ 3,215.83 |
| Branch, Natasha | $ 462.74 |
| Briones, Edna Eloisa | $ 6,973.90 |
| Brittain, Lisa Smith | $ 4,589.27 |
| Browder, Cynthia | $ 3,003.92 |
| Brown, Cinderella | $ 3,684.12 |
| Brown, Sherlena | $ 2,348.42 |
| Buenrostro, Debra | $ 325.20 |
| Burkes, Chaka | $ 3,624.92 |
| Caballero, Elizabeth | $ 6,298.20 |
| Cabrera, Maria | $ 4,878.72 |
| Cafferty, Catherine | $ 6,971.65 |
| Camacho, Krystle | $ 3,549.40 |
| Cano, Dulce | $ 3,306.57 |
| Cantu, Brenda | $ 3,005.97 |
| Cantu, Esmeralda | $ 4,239.84 |
| Cantu, Isis | $ 2,341.10 |
| Cardenas, Brenda Lee | $ 3,528.90 |
| Carranza, Andrea Jane | $ 4,392.58 |
| Carter, Kymisha | $ 481.25 |
| Castaneda, Luz P | $ 225.76 |
| Caster, Kimberla Sue | $ 6,054.71 |
| Castilleja, Cheri | $ 623.28 |
| Castrejon, Claudia | $ 4,412.21 |
| Castro, Yolanda B | $ 5,911.61 |
| Cavazos, Rosalinda | $ 382.61 |
| Chacon, Pedro | $ 1,277.76 |
| Chavez, Maribel | $ 1,826.27 |
| Clark Jr, Levon | $ 1,871.91 |
| Claudio, Claudia | $ 5,305.04 |
| Coleman, Glynis Demale | $ 5,116.45 |
| Collins, Demetria | $ 4,231.82 |
| Collins, Linda L | $ 4,667.06 |
| Conallis, Lynda | $ 4,052.35 |
| Cooksey, Holly Meredith | $ 5,206.69 |
| Cooper, Jandrea Patrice | $ 4,133.21 |
| Cordero, Angelita | $ 6,535.02 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Cowley, Donlashoni | $ 4,334.60 |
| Cox, Tracy L | $ 4,304.53 |
| Craig, Micah | $ 1,651.45 |
| Crenshaw, Jeanette | $ 6,104.22 |
| Cruz, Melissa | $ 4,355.92 |
| Cura, Gloria | $ 4,744.84 |
| Davis, Giovanni Z | $ 989.01 |
| De Bosquez, Cristina | $ 4,630.98 |
| De Leon, Isela | $ 2,341.10 |
| DeLaRosa-Pena, Mary | $ 150.13 |
| Dickerson-Gaddis, Monica M | $ 5,007.47 |
| Dixon, Beverly | $ 3,654.03 |
| Dockter, Kelley | $ 4,574.14 |
| Domingo, Leesa | $ 6,396.48 |
| Dorsey, Brandi | $ 5,571.89 |
| Dorsey, Susan | $ 5,756.04 |
| Dorsey-Williams, Horesal | $ 1,971.11 |
| Dorsey-Williams, Horesal | $ 2,170.97 |
| Dowdy, Lisa | $ 4,822.63 |
| Drury, Betty D | $ 5,367.12 |
| Dwyer, Melissa L | $ 3,803.15 |
| Edwards, Jacquelin R | $ 3,399.43 |
| Ellertson, Todd | $ 3,650.96 |
| Endapally, Preet | $ 761.01 |
| Escalante, Robyn | $ 5,211.55 |
| Estrada, Matthew | $ 3,177.28 |
| Ethridge, Shelia | $ 5,980.69 |
| Federciuc, Geanina | $ 2,945.25 |
| Flores, Deanna | $ 3,147.08 |
| Franklin, Shoshauna | $ 5,991.83 |
| French, Kori | $ 616.99 |
| Frias, Dora | $ 3,941.95 |
| Fuller, Christi | $ 608.76 |
| Galbreath, Carla Michelle | $ 807.69 |
| Gallagher, Margaret Ruth | $ 151.16 |
| Garcia, Christina | $ 3,456.86 |
| Garcia, Claudia | $ 13.09 |
| Garcia, Jaime | $ 4,181.76 |
| Garcia, Janet | $ 4,947.73 |
| Garcia, Katherine | $ 3,880.98 |
| Garcia, San Juanita | $ 3,812.96 |
| Garcia, Tommy | $ 5,756.04 |
| Gardea, Rebecca | $ 2,358.00 |
| Garrett, Ivyonne | $ 3,624.92 |
| Garza, Cindy | $ 4,822.63 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Garza, Monica | $ 2,808.55 |
| Gaten, Tawana | $ 2,315.99 |
| Gerold, Jennifer | $ 380.47 |
| Geter, Sandra | $ 3,979.13 |
| Gillespie, Latecia | $ 4,618.43 |
| Gilmer, Christy | $ 2,718.69 |
| Glover, Stephanie | $ 5,599.37 |
| Gomez, Joy A | $ 3,857.33 |
| Gongora-Ownby, Rosario | $ 1,232.34 |
| Gonzalez, Dora | $ 7,485.83 |
| Gonzalez, Elizabeth Anne | $ 4,221.32 |
| Gonzalez, Maria I | $ 3,117.92 |
| Gonzalez, Patricia | $ 2,459.12 |
| Goodman, Lucille | $ 6,253.23 |
| Goolsby, Kathy | $ 760.95 |
| Gracia, Norma Noelia | $ 4,956.51 |
| Gregston, Collin | $ 4,648.52 |
| Griffin, Lisa | $ 2,517.30 |
| Guesmia, Fatima | $ 6,096.87 |
| Guidry, Lisonya | $ 4,494.60 |
| Guiza, Julissa | $ 4,011.51 |
| Gullett, Paul | $ 4,945.88 |
| Gullion, Kimberley | $ 5,126.19 |
| Guyton, Shanika | $ 2,656.12 |
| Haile, Meron G | $ 1,876.64 |
| Hailemariam, Samirawit | $ 1,773.84 |
| Hargrove, Yolanda S | $ 4,245.94 |
| Harris, Julia | $ 5,341.11 |
| Harris, Renata L | $ 1,388.22 |
| Harrison, Kalynthia | $ 4,675.84 |
| Hasley, Patricia | $ 3,215.83 |
| Hayes, Tepascha | $ 1,965.03 |
| Henderson, Teauna | $ 4,900.41 |
| Hendrix, Kristie | $ 3,200.10 |
| Hernandez, Christina | $ 3,479.31 |
| Hernandez, Christina | $ 2,462.20 |
| Hernandez, Isabel | $ 1,406.70 |
| Hernandez-Portillo, Sandra | $ 3,092.79 |
| Hervey, Latresa | $ 3,775.96 |
| Higgins, Laurie Butterfield | $ 5,549.72 |
| Hiles, Maria | $ 1,999.00 |
| Hill, Heather | $ 4,052.35 |
| Hilton, Jacquelin Lynett | $ 4,097.90 |
| Hinkel, Dinah | $ 5,728.02 |
| Hinojosa, Amparo | $ 5,833.82 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Hinojosa, San Juanita Garza | $ 5,380.17 |
| Hirasaki, Christie Michelle | $ 6,008.82 |
| Hobbs, Barbara Ann | $ 4,662.53 |
| Hobbs, Lori | $ 7,128.80 |
| Hotopp, Cynthia | $ 5,208.51 |
| Houston, Sheretta D | $ 1,979.03 |
| Howard, Seprina Renee | $ 4,889.60 |
| Hughes, Rita | $ 6,305.93 |
| Hurley, Sondra | $ 5,435.73 |
| Jackson, Nora | $ 308.49 |
| Janssen, JimElyce | $ 380.47 |
| Johns, Verna | $ 5,444.90 |
| Johnson, Clinton | $ 5,336.56 |
| Johnson, Michael | $ 5,306.54 |
| Johnson, Paulette R | $ 2,832.99 |
| Johnson, Shandra | $ 4,061.04 |
| Johnson, Sylvia D | $ 3,980.81 |
| Johnson-Smith, Janaka | $ 5,469.84 |
| Jones, Caroline | $ 5,994.83 |
| Jones, Cheryl | $ 696.63 |
| Jones, Eva | $ 4,245.47 |
| Jones, Robin | $ 6,510.48 |
| Justice, Melanie Kay | $ 4,433.70 |
| Justice, Michael | $ 7,243.36 |
| Kamau, Milka Kanyi | $ 5,600.47 |
| Kaough, Caressa | $ 3,552.89 |
| Kariuki, Lucy | $ 3,200.10 |
| Kelley, Kristen | $ 1,332.67 |
| Kelsey, Chasity | $ 2,516.55 |
| Kiarie, Nancy W | $ 5,250.53 |
| Kironji-risi, Catherine N | $ 4,525.55 |
| Knott, Osha | $ 4,011.94 |
| Koch, Dawn | $ 1,133.22 |
| Lane, Lorna Davette | $ 4,340.57 |
| Lanther, Cynthia | $ 1,359.87 |
| Lara, Gerardo | $ 6,419.53 |
| Lars, Tessa Carston | $ 4,884.97 |
| Lawani, Sandra | $ 2,453.85 |
| Lewis, Salma | $ 6,568.61 |
| Lopez, Carmen Lucia | $ 4,870.90 |
| Lopez, Melinda A | $ 2,883.79 |
| Lopez, Viviana | $ 2,935.21 |
| Lozano, Stephanie | $ 150.13 |
| Lubischer, Dina Marie | $ 3,920.91 |
| Ludlow, Kathleen | $ 4,744.84 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Luna, Robyn | $ 3,821.81 |
| Macias, Monica | $ 154.25 |
| Macias, Sandra | $ 2,959.68 |
| Macon, Nicole | $ 2,469.16 |
| Madison, Michelah | $ 469.78 |
| Maina, Samuel | $ 3,096.29 |
| Maldonado, Nicole | $ 1,406.70 |
| Malone, Martha G | $ 4,900.41 |
| Maney, Ruthie M | $ 3,398.37 |
| Mann, Ashley | $ 2,376.94 |
| Marshall, Donnette | $ 4,680.92 |
| Martin, Shemeka | $ 3,215.83 |
| Martinez, Idalia | $ 4,474.64 |
| Martinez, Julia Marie | $ 3,383.40 |
| Martinez, Priscilla | $ 1,521.89 |
| Martinez, Ricky | $ 6,943.36 |
| Martinez, Zenia | $ 4,044.78 |
| Mathenge, Ricccarda N. | $ 4,589.27 |
| Matthews, Danielle | $ 3,953.52 |
| Mayes, Amy Marie | $ 5,588.22 |
| Mbise, Viola | $ 5,708.33 |
| Mcclanahan, Virginia Smith | $ 3,145.11 |
| Medina, Lorena L | $ 6,408.38 |
| Megbope, Modupe | $ 1,484.85 |
| Melendez, Jessica | $ 4,289.36 |
| Mendoza, Miriam | $ 5,149.01 |
| Middleton, Tanika | $ 1,576.38 |
| Miller, Florida | $ 4,511.49 |
| Miller, Rachel | $ 4,286.13 |
| Minor, Deja | $ 3,020.77 |
| Mireles, Melissa Castillejos | $ 5,321.48 |
| Molina-Delval, Jayson Manuel | $ 1,521.89 |
| Molnar, Amy S | $ 5,756.04 |
| Montgomery, Tanya | $ 6,067.18 |
| Moore, Tamika | $ 4,822.63 |
| Morales, Andres | $ 3,526.95 |
| Morales, Edith | $ 1,071.43 |
| Moreno, Amanda R | $ 4,799.02 |
| Moreno, Margarita | $ 2,177.16 |
| Morgan, Anntionete | $ 4,910.73 |
| Morumbwa, Gilbert | $ 5,133.76 |
| Moss, Carmethia | $ 462.74 |
| Mouton, Karen | $ 4,299.08 |
| Mueller, Elena | $ 5,840.53 |
| Mukiri, Salome | $ 5,309.09 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Munoz, Elisa F | $ 4,914.96 |
| Musa, Shirlyn | $ 3,967.00 |
| Muzamhindo, Vimbai Yvonne | $ 1,978.46 |
| Muzeya, Ursula | $ 4,162.35 |
| Myers, Susan | $ 6,807.38 |
| Nallie, Shelia | $ 3,223.84 |
| Ncube, Clift | $ 4,326.60 |
| Ndumia, Kenneth | $ 608.76 |
| Nelson, Melinda Ann | $ 4,218.73 |
| Ngang, Rachel | $ 5,055.98 |
| Nigrelli, Laurie Jean | $ 5,036.51 |
| Ntemar, Solange | $ 4,985.77 |
| Nunez, Patricia | $ 5,617.97 |
| Nunez, Solaida | $ 3,510.69 |
| Nwazue, Onyinyechi Lilian | $ 5,522.68 |
| Ochoa, Annette | $ 2,974.11 |
| Ogaz, Alicia Liliana | $ 6,861.19 |
| Ogaz-Castellanos, Rosa Berenice | $ 6,829.99 |
| Ognoskie, Jody | $ 6,175.88 |
| Ogungbe, Seyon O | $ 2,348.42 |
| Ogunyinmi, Mosunmola | $ 4,667.06 |
| Ohaneje, Miriam | $ 2,980.20 |
| Okafor, Chanda | $ 2,332.82 |
| Okero, Maorine K | $ 5,070.60 |
| Oliva, Kira | $ 3,200.10 |
| Olivares, Angie | $ 150.13 |
| Olivares, Rosa M | $ 5,421.54 |
| Oluwunmi, Omobolanle | $ 4,722.50 |
| Omorogbe, Bridget | $ 3,035.57 |
| Ontiveroz, Jennifer | $ 6,600.64 |
| Orizaga, Andrea Nemesis | $ 76.09 |
| Otieno, Juliet | $ 7,254.68 |
| Padilla, Maria Asusena | $ 5,773.13 |
| Padilla, Nallely | $ 75.07 |
| Palacios, Nora | $ 2,394.71 |
| Pannell, Sonora | $ 5,531.40 |
| Parker, Tawana | $ 3,020.77 |
| Pena, Pamela | $ 5,895.99 |
| Pena, Sandra | $ 4,355.92 |
| Peralta, Clarissa | $ 679.94 |
| Perez, Irene Luna | $ 5,681.37 |
| Perez, Juanita | $ 2,221.11 |
| Perez, Sabrina | $ 3,050.73 |
| Perez-Wessels, Migdalia | $ 5,319.82 |
| Peterson, Amy | $ 6,661.62 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Peterson, LaToya | $ 2,054.55 |
| Pham-du, Tuan | $ 3,880.77 |
| Philips, Kenya | $ 7,577.58 |
| Pompa, Patricia A | $ 6,431.20 |
| Potter, Lisa | $ 4,355.92 |
| Powell , Ashley | $ 1,878.73 |
| Powell, Amanda Lea | $ 2,998.16 |
| Price, Deborah | $ 3,126.60 |
| Rabe, Penny Denise | $ 5,133.76 |
| Ramirez, Jessica | $ 1,674.08 |
| Ramos, Sergio | $ 1,876.64 |
| Raymond, Laveda | $ 5,055.98 |
| Reed, Latranda | $ 5,289.33 |
| Reed, Reginald E | $ 6,141.40 |
| Reeder, Peyton | $ 1,702.85 |
| Reynaud, Argelia | $ 5,793.87 |
| Richards, Kelly | $ 4,876.43 |
| Richardson, Joycllyn | $ 3,875.99 |
| Rivera, Janelle Michelle | $ 4,511.49 |
| Roberts, Rachel | $ 4,699.95 |
| Robertson, Raitanza | $ 6,914.31 |
| Robinson, Brenaye | $ 4,011.94 |
| Robinson, Leslie Michelle | $ 5,106.24 |
| Robles, Sharon Lynn | $ 592.30 |
| Rodriguez, Elizabeth | $ 4,657.39 |
| Rodriguez, Gricelda Alely | $ 4,978.19 |
| Rodriguez, Iris | $ 150.13 |
| Rodriguez, Monica | $ 327.95 |
| Rodriguez, Myrna Araceli | $ 4,214.10 |
| Roesler, Robin | $ 6,323.63 |
| Rogers, Aimee | $ 5,818.25 |
| Rojas, Aimee | $ 1,178.57 |
| Rossi, Daphne | $ 2,742.95 |
| Rozell, Barbara | $ 3,161.79 |
| Rucker, Rosella | $ 4,709.75 |
| Ruiz, Deborah | $ 6,072.56 |
| Russom, Kellee | $ 385.62 |
| Saavedra, Claudia Leticia | $ 2,390.50 |
| Saenz, Gina | $ 4,143.34 |
| Saenz, Rene | $ 1,480.74 |
| Saiz Jr, Juan Manuel | $ 3,134.12 |
| Salinas, Adrian | $ 5,361.84 |
| Salinas, Sandra L | $ 6,473.93 |
| Salinas, Zoraya | $ 3,610.92 |
| Santiago, Eduardo | $ 4,220.91 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Seifert, Tara | $ 2,406.08 |
| Silas-Firstley, Anna | $ 6,117.52 |
| Simmons, Patrice | $ 3,495.16 |
| Simms, Monica | $ 3,187.35 |
| Skeadas, Tanya M | $ 4,270.52 |
| Skinner, Lakeshia | $ 1,017.86 |
| Smith, Denitra | $ 901.97 |
| Solis, Letty | $ 1,236.26 |
| Solis, Mirosalva | $ 6,861.37 |
| Sullivan, Debra Lynn | $ 4,587.45 |
| Summers, Claudia M | $ 4,636.78 |
| Swank, Diana Urquizo | $ 4,629.24 |
| Tanner, Chanda | $ 5,893.11 |
| Tatum, Ajala Bell | $ 3,709.03 |
| Te, Marisa | $ 3,382.62 |
| Tellez, Dulce D | $ 6,037.48 |
| Tercero, Daisy | $ 4,744.84 |
| Terrazas, Ramona | $ 6,126.58 |
| Thomas, Bonnie | $ 3,120.18 |
| Tijerina, Marivel | $ 2,516.56 |
| Tinsley, Linda Joyce | $ 5,108.64 |
| Torres, Alan | $ 4,163.45 |
| Torres, Maria De Lourdes | $ 4,689.21 |
| Tosh, Eleanor | $ 4,985.34 |
| Tovar, Gloria A | $ 4,455.41 |
| Tran, Lua Thi | $ 4,423.04 |
| Trevino, Guillermo | $ 150.13 |
| Trevino, Isela | $ 3,775.89 |
| Trevino, Laura | $ 6,134.14 |
| Trujillo, Carina | $ 3,027.00 |
| Tsougas, Janet | $ 5,773.13 |
| Ukiri, Elizabeth | $ 4,080.82 |
| Valdez, Ashlee | $ 999.45 |
| Valdez, Ashlee | $ 125.85 |
| Valdez, Eric | $ 4,438.17 |
| Valdez, Natasha | $ 3,120.61 |
| Valenzuela, Jovita | $ 3,642.68 |
| Vargas, Lidia | $ 4,761.58 |
| Veasey, Danielle | $ 4,063.26 |
| Vinson, Lisa | $ 760.95 |
| Wainaina, Ruth | $ 4,405.77 |
| Walker, Vanessa | $ 1,033.44 |
| Washington, Lanetra | $ 5,948.88 |
| Washington, Shikinah | $ 1,856.81 |
| Watts-Kumar, Serena | $ 3,310.40 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Webb, Jessica | $ 3,799.56 |
| Wehmeyer, Lori | $ 2,794.21 |
| Wehring, Amanda | $ 2,716.54 |
| Wheatley, Donald | $ 4,687.21 |
| White, Marjorie Dawn | $ 4,744.84 |
| Wiggins, Temica | $ 339.97 |
| Wilson, Ida A | $ 3,997.99 |
| Wilson, Michelle L | $ 4,785.89 |
| Wood, Sheryl Jean | $ 5,237.06 |
| Woods, Cassandra | $ 4,744.84 |
| Woods, Tierra | $ 5,186.04 |
| Worley, Jessica | $ 4,831.31 |
| Yimer, Alemtsehay Malede | $ 3,642.68 |
| Zamora, Monica | $ 1,189.89 |
| Zepeda, Rebekkah | $ 1,923.85 |
| Akers, Lisa | $ 2,340.17 |
| Andrews, Susan P | $ 5,188.45 |
| Burk, Leigh | $ 2,206.96 |
| Byrd, Raine R | $ 4,748.56 |
| Christensen, Anne Rains | $ 1,957.45 |
| Cope, Janet | $ 3,593.77 |
| Davis, Sabina Marie | $ 118.33 |
| Debenham, Rachael | $ 1,474.26 |
| Fualau, Stephanie | $ 185.44 |
| Gourley, Diana | $ 4,868.33 |
| Griffin, Luana Cancilla | $ 3,683.95 |
| Griggs, Jamie Nicole | $ 4,637.18 |
| Hall, Rick | $ 870.95 |
| Hunter, Lorie | $ 3,675.29 |
| Mason, Amber | $ 501.81 |
| Mellado,Amy | $ 637.55 |
| Olsen, Kimberly | $ 308.51 |
| Shiflett, Shauna | $ 2,969.38 |
| Shipler, Crystal Dawn | $ 3,936.53 |
| Snyder, Tamara Susan | $ 5,659.50 |
| Stanyon, Hali | $ 4,792.78 |
| Walker, Amy | $ 2,368.35 |
| Walker, Amy | $ 1,738.20 |
| Waters, Tanisha | $ 2,272.55 |
| Woodbury, Wendy F | $ 1,830.21 |
| Aldinger, Kelly | $ 1,320.32 |
| Baker, Justin T | $ 5,794.99 |
| Banin, Pamela Adrienne | $ 2,062.31 |
| Barnes Kristine | $ 188.56 |
| Barnes,Susan | $ 1,041.16 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Boad, Lindsey | $ 2,979.67 |
| Brown, Charlene | $ 1,184.59 |
| Brown, Jonathan | $ 2,438.43 |
| Burton, Allison | $ 3,512.43 |
| Chen, Julie C | $ 423.46 |
| Clark, Jamie | $ 452.45 |
| Coleman, Lisa Michelle | $ 3,756.70 |
| Demery, Kenita | $ 2,266.10 |
| Fletcher, Yolanda | $ 2,635.47 |
| Fox, Crystal S | $ 4,308.73 |
| George, Amy Lynne | $ 3,278.88 |
| Goodman, Mandi | $ 2,656.29 |
| Green, Donald Joseph | $ 3,372.83 |
| Hawley, Deborah | $ 6,381.92 |
| Henthorn, Christine | $ 2,920.60 |
| Hertz, Lindsay M | $ 4,782.37 |
| Hooyen, Judith | $ 1,466.92 |
| Hudson,Susan | $ 1,118.78 |
| Keefe, Camille | $ 218.41 |
| Klemperer, Susan Elizabeth | $ 4,573.37 |
| Kraft, Kathryn | $ 188.18 |
| Kuhlman, Nina | $ 180.03 |
| Lindsay, Tatyana | $ 136.80 |
| Lockman, Michelle | $ 3,067.50 |
| Maclin, Lorilee | $ 595.99 |
| McDonald, Andrea L | $ 400.36 |
| Mongan, Joan | $ 2,705.45 |
| Mongan, Joan | $ 360.06 |
| Mook,Arleen | $ 680.97 |
| Moore,Linda | $ 533.52 |
| Nevarez, Saida Anne | $ 943.73 |
| Nordstrom, Nikki | $ 2,990.13 |
| Oswald, Samantha | $ 2,921.44 |
| Otterstetter, Deena | $ 3,272.47 |
| Papachristodoulou, Tracy | $ 2,963.32 |
| Parker, Andrea | $ 6,336.40 |
| Parker, Kristol A'kea | $ 1,879.12 |
| Partington, Jeanette Marie | $ 315.06 |
| Pekala, Hayley | $ 56.48 |
| Platts, Dana | $ 3,637.80 |
| Platts, Dana | $ 1,131.45 |
| Reeves,Allyson | $ 1,151.70 |
| Richardson, Pamela M | $ 3,502.07 |
| Roy, Melody | $ 4,092.81 |
| Sears, Catherine | $ 3,497.52 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| Smith, Nichole | $ 3,503.29 |
| Southerland, Jackie | $ 1,115.73 |
| Steiner, Karen | $ 3,416.34 |
| Tessema, Tegest | $ 2,383.25 |
| Tompkins, Jamie M | $ 5,343.48 |
| Virostek, Mark | $ 1,201.05 |
| Williams, Cheryl | $ 115.28 |
| Wolfgang, Lori | $ 5,252.96 |
| Zumbiel, Jessica | $ 514.20 |
| Aleshire, Brent | $ 3,179.51 |
| Barnett, Laquera | $ 1,366.45 |
| Berry, Meka | $ 1,084.05 |
| Bland, Ashley J | $ 3,853.51 |
| Brandt, Kathryn Mary | $ 2,401.74 |
| Brimley, Jessica | $ 206.49 |
| DeBerry, Krashanda | $ 1,733.85 |
| Dittlof, Curtis | $ 3,952.13 |
| Ehrhardt, Sarah | $ 1,767.86 |
| Engelbrecht, Kelly | $ 154.86 |
| Fagan, Kathryn | $ 293.61 |
| Hamelin, Louann | $ 4,834.27 |
| Heisler, Julie Ann | $ 2,817.40 |
| Hudson, Delilah M | $ 4,131.87 |
| Johnston, Karolyn | $ 4,564.38 |
| Keil, Megan | $ 5,578.25 |
| Kutil, Nicole | $ 141.70 |
| Liggans-McGhee, Deana | $ 3,463.50 |
| Malmstrom, Melissa | $ 1,534.32 |
| Miller, Liesl K | $ 2,391.14 |
| Patterson, Terrance | $ 1,202.47 |
| Rembert, Kyesha | $ 1,965.03 |
| Rollins, Theresa | $ 2,143.68 |
| Rush, Anita L | $ 1,061.84 |
| Safka, Jennifer | $ 1,950.21 |
| Singleton, Amber | $ 154.86 |
| Snowden, Helena | $ 5,007.20 |
| Szatkowski, Karen M | $ 6,338.34 |
| Werbie, Danielle M | $ 2,627.94 |
| Winship, Maria Victoria | $ 5,440.20 |
| Komula, Linda | $ 3,123.15 |
| Osborn, Kathleen M | $ 3,682.09 |
| Russell, Samantha Rae | $ 4,850.16 |
| Salas, Diane | $ 4,009.30 |
| Young, Heather D | $ 1,172.92 |

Exhibit A

| Emp Name | Gross Amount Owed |
|---|---|
| | $ 3,375,520.89 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TENISHA BREWER, KATHERINE ROUNTREE, DAPHANIE JONES, AND ALL OTHERS SIMILARLY SITUATED,<br><br>           Plaintiffs,<br><br>v.<br><br>MOLINA HEALTHCARE, INC.,<br><br>           Defendants. | Civil Action No. 1:16-CV-09523 |
| ROSARIO GONGORA-OWNBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>           Plaintiffs,<br><br>v.<br><br>MOLINA HEALTHCARE, INC. AND MOLINA HEALTHCARE OF TEXAS, INC.,<br><br>           Defendants. | Civil Action No. 1:16-CV-11346 |

## [PROPOSED] ORDER APPROVING SETTLEMENT, SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS

The above-entitled matter came before the Court on Plaintiff's Unopposed Motion to Certify a Collective Action Under Section 216(b) of the FLSA Solely for Settlement Purposes, for Approval of Settlement, for Appointment of Settlement Administrator, and For Approval of Awards of Attorneys' Fees and Costs and Service Award ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval, the supporting Memorandum of Law in

Support of the Motion for Settlement Approval (the "Memorandum"), the Declaration of J. Derek Braziel ("Braziel Decl.") and the supporting exhibits, the Court hereby finds as follows:

**<u>The Settlement Is Approved</u>**

1. The Court approves and incorporates by reference all of the definitions contained in the Joint Stipulation of Settlement.

2. The Court certifies, for purposes of the Parties' Settlement, the group of individuals identified on Exhibit A to the Settlement Agreement who worked as Case Managers and Health Managers between June 14, 2014, to June 13, 2016.

3. The Court hereby approves the $3,375,520.89 collective action settlement. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See, e.g.*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Murphy v. Diversified Restaurant Holdings, Inc.*, No. 14-cv-3653, ECF No. 124, Order Approving Settlement and Dismissing Action, ¶ 1 (N.D. Ill. Oct. 1, 2015); *see also Butler v. Am. Cable & Telephone, LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *8-9 (N.D. Ill. Oct. 6, 2011). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Lynn's Food Stores*, 679 F.2d at 1354; *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *2 (N.D. Ind. Sept. 25, 2014). "It is a well settled principle that the law generally encourages settlements." *Dawson v. Pastrick*, 600 F.2d 70, 75 (7th Cir. 1979).

4. Here, the settlement meets the standard for approval. The settlement was the result of contested litigation. Defendant denied that it violated the FLSA by classifying Case and Health Managers as exempt from overtime pay, and the settlement was the result of arm's-length negotiations conducted by Mediator Hunter Hughes. Recognizing the uncertain legal and factual

issues involved, the parties reached their settlement after Defendant produced and the Parties' reviewed comprehensive calculations based on location specific survey results for the Case and Health Managers. At all times during the settlement negotiation process, negotiations were conducted at arm's length.

### The Settlement Procedure Is Approved

5.   A one-step settlement approval process is appropriate.  *See, e.g.*, *Briggs v. PNC Financial Services Group, Inc.,* No. 15-cv-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016) citing *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) ("'A one-step settlement approval process is appropriate[]'" in FLSA settlements.); *Castillo v. Noodles & Co.,* No. 16-cv-030306, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016) (granting request for one-step approval process); *Prena v. BMO Fin. Corp.*, No. 15 Civ. 9175, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) (same).  Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action.  *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA.").  Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions.  *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions).

6.   The Settlement Administrator is authorized to include a letter which complies with the provisions of Paragraph 7(g) of the Settlement Agreement along with the settlement payments to

the Settlement Class.  The direct issuance of settlement checks informs Settlement Class Members of the specific amounts of their individual Settlement Payments. The letter will also inform Settlement Class Members of the other key terms of the settlement, including how Class Members negotiating their checks will include them in the settlement and bind them, how the Settlement Fund is being allocated, what the Settlement Payment represents, and the scope of the release.. *See Koszyk*, 2016 WL 5109196, at *2 (N.D. Ill. Sept. 16, 2016) (approving class notice that, *inter alia*, described settlement terms and fee allocation); *Zolkos v. Scriptfleet, Inc.*, No. 12 Civ. 8230, 2014 WL 7011819, at *6 (N.D. Ill. Dec. 12, 2014) (same); *Tobin v. Beer Capitol Distributing Inc.*, No. 12 Civ. 274, 2012 WL 5197976, at *3 (E.D. Wis. Oct. 19, 2012) (same).

7.  The plan for sending the Settlement Payments as described in the Joint Stipulation of Settlement is approved.

**The Service Awards Are Approved**

8.  A service award of 7,500 each to Named Plaintiffs Rosario Gongora-Ownby and Tenisha Brewer and a service payment of $3,000 each to Cinderella Brown and Clinton Johnson is approved. The amount shall be paid from the Settlement Fund.  "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit."  *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).  This is especially true in employment litigation.  Service awards are well suited in employment litigation because the plaintiffs assume the risk that future employers may look unfavorably upon them if they file suit against former employers. *Beesley v. Int'l Paper Co.*, No. 06 C 703, 2014 WL 375432, at *4 (S.D. Ill. Jan. 31, 2014).

9.  Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming

and continuing as a litigant, and any other burdens sustained by the plaintiffs. *See, e.g.*, *Espenscheid*, 688 F.3d at 876-77 (Posner, J.); *Cook*, 142 F.3d at 1016; *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012); *cf. Follansbee v. Discover Fin. Servs., Inc.*, No. 99 Civ. 3827, 2000 WL 804690, at *7 (N.D. Ill. June 21, 2000) (recognizing the importance of incentive awards). Accordingly, incentive awards are commonly awarded to those who serve the interests of the class. *Massiah*, 2012 WL 5874655, at *8 (collecting cases); *accord Chesemore v. Alliance Holdings, Inc.*, No. 09 Civ. 413, 2014 WL 4415919, at *4 (W.D. Wis. Sept. 5, 2014); *Hawkins v. Securitas Sec. Servs. USA, Inc.*, 280 F.R.D. 388, 395 (N.D. Ill. 2011).

10. In examining the reasonableness of a requested service award, courts consider: (1) the actions the plaintiff has taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiff expended in pursuing the litigation. *Cook*, 142 F.3d at 1016; *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2012 WL 651727, at *16 (N.D. Ill. Feb. 28, 2012). An examination of these factors warrants the approval of the requested service awards.

11. First, these Named Plaintiff and Opt-In Plaintiffs took substantial actions to protect the interests of potential collective action members, and those actions resulted in a substantial benefit to over 1100 Settlement Class Members, who will receive checks in amounts ranging from a approximately $10 to over $4,800, and the average Settlement Payment is approximately $1,441.55. See *Briggs,* 2016 WL 7018566, at * 3 (approving $12,500 service award to two plaintiffs in FLSA settlement for a total of $25,000 in service awards); *Castillo v. Noodles & Company,* No. 16-cv-03036*,* 2016 WL 7451623 (N.D. Ill. Dec. 23, 2016) (approving $10,000 service award to four plaintiffs in FLSA settlement for a total of $40,000 in service awards).

5

Brewer, Gongora-Ownby, Brown, and Johnson's actions have resulted in substantial benefit to the class.

12. Second, these individuals undertook substantial direct and indirect risk. In agreeing to file this class action suit in their name and through their increased participation in the case, they undertook the significant risk that, "should the suit fail, [he could] find [himself] liable for the defendant's costs or even, if the suit [was] held to have been frivolous, for the defendant's attorneys' fees." *Espenscheid*, 688 F.3d at 876-77 (internal citations omitted). By filing the action, these individuals risked retaliation from current or future employers for the benefit of all Settlement Class Members. *See Beesley,* 2014 WL 375432, at *4 (recognizing that suits against former employers carry risks of professional and personal repercussions). "The incentive reward is designed to compensate [named plaintiffs] for bearing these risks." *Espenscheid,* 688 F.3d at 877; *accord Koszyk*, 2016 WL 5109196, at *3.

13. Third, these individuals spent a significant amount of time and effort pursuing this litigation on behalf of the Settlement Class Members. They provided factual information and otherwise assisted Plaintiff's Counsel with the prosecution of the litigation, and fielded calls and questions from other class members about the litigation. *Briggs,* 2016 WL 7018566, at * 3 (approving service award to named plaintiffs who expended time and effort providing pre-litigation assistance to plaintiff's counsel, preparing and reviewing the complaint, providing a declaration, and helping prepare for mediation); *Castillo,* 2016 WL 7451626, at * 3 (approving service award to named plaintiffs who participated in an extensive pre-suit investigation, provided documents crucial to establishing the claims, and assisting plaintiffs' counsel in analyzing documents during the informal discovery process). Accordingly, the requested Service Awards are approved.

**Fees and Costs of the Settlement Administrator and Attorneys Are Approved**

14. The Court approves of the Settlement Administrator's fees and costs of up to $30,000 to Rust Consulting.

15. The Court grants Plaintiff's Counsel's request for one-third of the settlement as attorneys' fees.

16. In awarding attorneys' fees, courts ultimately "must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid*, 264 F.3d at 718. District courts must "undertake an analysis of the terms to which the private plaintiffs and their attorneys would have contracted at the outset of the litigation when the risk of loss still existed." *Sutton*, 504 F.3d at 692. They must "do their best to recreate the market by considering factors such as actual fee contracts that were privately negotiated for similar litigation, [and] information from other cases . . . . " *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005).

17. Plaintiff's request for one-third of the settlement in attorneys' fees is consistent with the market in the Northern District of Illinois. *Taubenfeld,* 415 F.3d at 600 (approving attorneys' fees based, *inter alia*, on "legal hurdles that lead counsel faced in proving liability") (citing *Donovan v. Estate of Frank E. Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985)). Plaintiff's Counsel are experienced wage and hour class and collective action litigators and have achieved a positive result on behalf of the Settlement Class Members.

18. Although Plaintiff's Counsel agreed with the Named Plaintiff to a contingency fee of 40%, Plaintiff's Counsel has only requested one-third of the recovery. The contingency fee agreement was agreed to before the litigation started. Such contingency fee agreements contain the risk of no recovery whatsoever for Plaintiffs or their counsel. Thus, the Court knows what

private plaintiffs "would have negotiated with their lawyers, had bargaining occurred at the outset of the case (that is, when the risk of loss still existed)," *In re Synthroid*, 264 F.3d at 718, 720, because the Named Plaintiff contracted for Plaintiff's Counsel to be compensated with an amount that was larger than what Plaintiff's Counsel now seek, *see In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 844-45 (N.D. Ill. 2015) (stating "presumption of market-rate reasonableness" would have attached if parties had "established[ed] a fee structure at the outset of [the] lawsuit").

19. A one-third contingency is reasonable. In the Northern District of Illinois, class and collective action employment lawyers routinely contract to receive one-third of any potential settlement as compensation for taking on the risk of funding a potential multi-year litigation without any assurance of recovery. In addition, one-third is the standard contingent percentage that employment lawyers in the Northern District of Illinois charge individual clients. These multiple data points, confirming that plaintiffs routinely agree to a one-third contingency fee arrangement, reinforces that Plaintiff's Counsel are requesting the proper market rate. *See In re Synthroid*, 325 F.3d at 976.

20. Courts routinely hold that one-third of a common fund is an appropriate attorneys' fees award in class action settlement, including wage and hour settlements. *See, e.g.*, *Briggs,* 2016 WL 7018566, at *3 (granting request for one-third of the settlement fund for attorneys' fees in FLSA collective action in the amount of $2,000,000 as attorneys' fees); *Castillo,* 2016 WL 7451626, at *4 (granting request for one-third of the settlement fund for attorneys' fees in FLSA collective action in the amount of $1,000,000 as attorneys' fees); *Koszyk*, 2016 WL 510916, at *3 (granting request for one-third of the settlement fund for attorneys' fees plus costs); *Watson,* No. 15 Civ. 11881 (N.D. Ill. July 11, 2016) (St. Eve, J.), ECF No. 34, 39 (same); *Taubenfeld*, 415 F.3d at 599-600 (noting class actions in the Northern District of Illinois have awarded fees of 30-39% of the

settlement fund); *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming award of 38% of fund); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d at 842 (awarding fees on one-third common fund); *Goldsmith v. Tech. Solutions Co.*, No. 92 Civ. 4374, 1995 WL 17009594, at *7-8 (N.D. Ill. Oct. 10, 1995) (same and noting that "where the percentage method is utilized, courts in this District commonly award attorneys' fees equal to approximately one-third or more of the recovery"); Alba Conte *et al.*, *Newberg on Class Actions* § 14.6 (4th ed. 2002) ("[F]ee awards in class actions average around one-third of the recovery[.]").

21. Plaintiff's Counsel's decision to charge the market rate is also reasonable in light of the significant risks of nonpayment that Plaintiff's Counsel faced. At the outset of the litigation, Plaintiff's Counsel took "on a significant degree of risk of nonpayment" in agreeing to represent the Named Plaintiff. *Taubenfeld*, 415 F.3d at 600 (approving of district court's reliance on this factor in evaluating attorneys' fees). Plaintiff's Counsel took this case on a contingent basis, meaning that there was a strong risk that they would not be paid. *See Sutton*, 504 F.3d at 693-94 ("We recognized [in an earlier case] that there is generally some degree of risk that attorneys will receive no fee (or at least not the fee that reflects their efforts) when representing a class because their fee is linked to the success of the suit."). Plaintiff's Counsel also faced significant legal hurdles in establishing certification and proving liability. As the Seventh Circuit has noted, Plaintiff's Counsel "could have lost everything" they invested. *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992) (Posner, J.).

22. Plaintiff's Counsel's request for reimbursement of up to $10,000 in actual out-of-pocket expenses incurred in prosecuting this case, including costs for filing and service fees, and postage is granted. The Court finds these costs to be reasonably incurred.

**<u>Dismissal and Post-Judgment Procedure</u>**

23. This case is to be dismissed without prejudice, in accordance with the terms of the Settlement Agreement, eleven days after the date of this order to permit those individuals who are excluded from the class to withdraw their consents without penalty. The Clerk will allow Plaintiffs to file Notices of Withdrawal of Consent up to and including ten days after the date of this Order.

24. The Court will retain jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including for overseeing the distribution of settlement funds.

25. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this ___ day of _____, 2018

_____
Honorable Robert M. Dow
United States District Judge

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TENISHA BREWER, KATHERINE ROUNTREE, DAPHANIE JONES, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>MOLINA HEALTHCARE, INC.,<br><br>Defendants. | Civil Action No. 1:16-CV-09523 |
| ROSARIO GONGORA-OWNBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>MOLINA HEALTHCARE, INC. AND MOLINA HEALTHCARE OF TEXAS, INC.,<br><br>Defendants. | Civil Action No. 1:16-CV-11346 |

## DECLARATION OF J. DEREK BRAZIEL

I, J. Derek Braziel, declare and state under penalty of perjury, the following:

1.      I am a member in good standing of the Texas State Bar and am a partner in the firm of Lee & Braziel, LLP.

2.      I submit this declaration in support of Plaintiff's Unopposed Motion to Certify a Collective Action Under Section 216(b) of the FLSA Solely for Settlement Purposes, for

Approval of an Opt-In Settlement, for Appointment of Settlement Administrator, and for Approval of Awards of Attorneys' Fees and Costs and Service Awards

3.     I graduated magna cum laude from Baylor University in 1992, where I received a Bachelor of Business Administration in Marketing and Quantitative Business Analysis (Business Statistics).  I attended the University of Virginia Law School from 1992 to 1995, where I served as the Chief Justice for the Law School's Moot Court Program.  After graduating from law school, I clerked for the Honorable Howell Cobb, United States District Judge for the Eastern District of Texas.

4.     For the first six years after I finished my clerkship with Judge Cobb, I worked for the nation's largest Labor and Employment law firm, Littler Mendelson.  At Littler, I specialized in Fair Labor Standards Act ("FLSA") litigation and worked on a variety of class and collective actions.  After leaving Littler in 2002, I began representing employees in overtime class and collective actions.  Since that time, I have represented thousands of workers and recovered millions of dollars on behalf of my clients.

5.     I have been lead counsel in over 150 overtime cases.  Because of the confidential nature of most of the settlement agreements, I am limited in what I can openly state, but I have been involved in several collective and class actions for unpaid overtime ranging between 5 and 10 million dollars, with some in excess of 50 million dollars.

6.     In addition to being an active litigator, I have long been involved in many educational and legal groups, including the National Employment Lawyers Association, and the Dallas Bar Association (Chair of the Labor and Employment Law Section in 2008).  I have written articles for a variety of legal publications and have had articles printed and distributed in several publications, including the Dallas Bar Journal, and the ABA Treatises, Wage and Hour Laws, A

State-by-State Survey, and The Fair Labor Standards Act, where I serve on the editorial board and am former Associate Editor-in-Chief of the supplement to that treatise. I have also prepared materials for several American Bar Association and Texas Continuing Legal Education presentations programs. In addition to authoring articles on a variety of employment and litigation-related subjects, I have lectured on FLSA and overtime matters at meetings, conferences, and MCLE programs sponsored by the National Employment Lawyers Association, the Dallas Bar Association, the Fort Worth Bar Association, the South Texas College of Law, and the American Bar Association.

7.      I have been recognized by as a SuperLawyer from 2002 to present. I have been recognized by my local peers as one of the Best Attorneys in Dallas eight times.

8.      I have litigated hundreds of wage-and-hour cases in federal court. The vast majority of those cases involved mass litigation, either as an FLSA collective action, a Fed. R. Civ. P. 23 class action, or a hybrid of the two. Here is a small sample of the class/collective actions I have worked on:

Woods v. Caremark/CVS, 4:14-CV-00583-SRB (W.D. Mo.) (Current class counsel for over 5000 call center employees).

Chin v. The Tile Shop, 13-cv-02969-SRN-BRT (D. Minn) (Class counsel for 700+ sales associates working in over 10 states; settlement approved in 2016).

O'Donnell v. SWBYP, Civil Case No. 4:11-CV-01107-CEJ (E.D. Mo) (Class counsel for 500 call center workers in two locations in Missouri alleging failure to pay overtime; settlement approved in 2013).

Shofner v. Convergys, et al. Case No. 2:10-cv-0568-JRG (E.D. Tex.) (Class counsel for over 5000 call center workers in five states, including two state law subclasses, for workers alleging unpaid overtime claims).

Oliver v. Aegis, Civil Case No.: 3:08-cv-828 (N.D. Tex) (Class counsel for approximately 15,000 person class of call center workers in over ten states including state law subclasses in four states).

Geddis v. Rescare, *et al.* Civil Case No.: 07- cv-00036-JTC (N.D. Ga.) (Class counsel for approximately 2000 home health care workers; resolved in 2012).

Signorelli v. Utiliquest, *et al*., Civil Case No: 5:08-CV-38-OC-10GRJ (M.D. Fla.) (Co-counsel; nationwide FLSA collective action and state class action covering eleven states and involving more than 4500 putative class members).

Rosenburg v. IBM, Inc., Case No. CV 06-00430 PJH (N.D. Cal.) (Co-counsel; nationwide collective and class action covering tens of thousands of IBM computer support personnel).

Dunwiddie v. Central Locating Service, Inc., Civil Case No.: 5:04CV315-OC-10GRJ (M.D. Fla.) (Co-counsel; nationwide FLSA collective action by more than 450 locators for unpaid overtime based on at-home computer time and travel time).

Pritchard v. SM&P Utility Resources, Inc., Civil Action No. 2-03CV-057 (E.D. Tex.) (Lead Counsel; nationwide FLSA collective action by 966 locators for unpaid overtime based on at-home computer time and travel time).

Camp v. The Progressive Corporation, et al., Civil Action No. 01-2680 (E.D. La.) (Co-Counsel on Steering Committee for class of over 1300 members; nationwide collective action filed by adjusters for unpaid overtime).

Owens v. Government Employees Insurance Company a/k/a GEICO, Civil Action No. 3-03CV0620-M (N.D. Tex.) (Lead counsel for class of over 1900 telephone dedicated employees; nationwide FLSA collective action).

**The Litigation**

9.      The *Gongora-Ownby* action was filed in Texas on August 17, 2016, in the U.S. District Court for the Western District of Texas, El Paso Division. The Brewer action was filed in U.S. District Court for the Northern District of Illinois, Eastern Division on October 5, 2016. *Gongora-Ownby* was transferred to Illinois and ultimately to this Court which has been presiding over both cases simultaneously.  Prior to the filing of both actions Plaintiffs' Counsel conducted a thorough investigation into the merits of the allegations.  Plaintiffs' Counsel obtained and reviewed documents from The Named Plaintiffs and several opt-in plaintiffs, including pay records, corporate documents, and documents relating to job duties for Case and Health Managers. Plaintiffs' Counsel also conducted an in-depth interview of the Named Plaintiffs and several opt-in plaintiffs prior to filing the actions.

10. Defendants answered the Complaint, and denied that Plaintiffs were misclassified as exempt. Early in the litigation, and during the Parties' Rule 26(f) conference, the Parties discussed the potential for settlement. Defendants, as part of an internal audit stemming from a prior Department of Labor investigation, had conducted internal surveys of Case and Health Managers to determine the average amount of overtime worked by each position in each location. As part of the settlement discussions, Defendants produced the calculations of damages resulting from adding these additional average hours to the Case and Health Managers' full work weeks. Plaintiffs reviewed the calculations, and the Parties elected to go to mediation to resolve the matters.

11. The Parties selected Hunter Hughes to mediate the case. Mr. Hughes is an experienced FLSA mediator and has mediated hundreds of FLSA and FLSA-hybrid actions involving state laws. On April 26, 2017, the Parties attended a full-day mediation in Atlanta, Georgia with Mr. Hughes. At the conclusion of the day, the Parties had not reached agreement on all the terms of settlement. Additionally, Plaintiff identified some data issues which had excluded certain individuals from the settlement class. The Parties continued to work cooperatively over the next several months to address the data issues and the open settlement terms. After the revised data was provided, the Parties were able to reach agreement on the additional open issues precluding settlement.

**Settlement Administration**

12. Settlement Class Members are current and former employees of Defendant who worked as Case and Health Managers. They worked between June 14, 2014, to June 13, 2016. They are identified by name on Exhibit A to the Settlement Agreement.

13. The Settlement Payments range from approximately $10 to over $4,800, and the average Settlement Payment approximates $1,441.55.

14.     The benefit the Settlement provides Class Members is excellent. The entire Gross Settlement Fund will be distributed to Settlement Class Members, Plaintiff's Counsel and to the Settlement Administrator. In addition, the Settlement is a non-claims made settlement.   All Settlement Class Members will receive a check via U.S. Mail, with no pre-conditions, representing their *pro rata* share of the Settlement Fund based on the estimated number of weeks that they worked for Defendant during the Class Period and based on the survey of hours worked by individuals in the same positions at the same locations.  Settlement Class Members who do not negotiate their settlement checks will not release any of their overtime wage claims.

15.      In addition, the Settlement Payments Class Members will receive are significant. Settlement Class Members who cash settlement checks will receive an average of approximately $3,000 before fees and other. The Gross Settlement Fund represents the recovery of approximately 100% of the overtime wages Plaintiffs compute Settlement Class Members are owed during the Class Period. *Id*. This is an exceptional result by any measure inasmuch as Defendant disputes that its policies and practices violated the FLSA.

**Named Plaintiffs Brewer and Gongora-Ownby Along With Opt-In Plaintiffs Brown and Johnson Were Critical to the Resolution of the Claims and Are Entitled to Service Payments.**

16.     The service award is sought in recognition of Gongora-Ownby and Brewer's efforts to pursue the claims raised in this Action as publicly identified Named Plaintiffs on behalf of the class. Plaintiffs Brown and Johnson provided factual information and otherwise assisted Plaintiffs' Counsel with the prosecution of the litigation.  In light of their efforts resulting in a $3,375,520.89 settlement on behalf of 1124 similarly-situated persons, I believe that believe the service payments are warranted.

17.     The requested Service Awards in the total amount of $21,000 represents less than 1% of the Settlement Fund, which is a reasonable percentage.

**Plaintiff's Attorneys Support the Settlement**

18.     Plaintiff's Counsel has gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed Settlement.

19.     Based on Plaintiff's Counsel's knowledge of the case and the applicable law, as well as their experience in numerous similar wage and hour collective actions, Plaintiff's Counsel believe the Settlement is fair and reasonable.

**Plaintiff's Attorneys' Fees**

20.     Plaintiff's Counsel executed a fee arrangement with the Named Plaintiff that entitled Plaintiff's Counsel to a 40% contingency but only seeks one-third of the recovery in this case.

21.     Plaintiff's Counsel took this case on a contingent fee basis and assumed the risk that they would receive *no* fee for their services.

**Litigation Expenses and Costs**

22.     Plaintiff's Counsel also seeks to recover up to $10,000 in Plaintiff's Litigation Expenses incurred *through* May 4, 2018.  Plaintiff's Attorneys seek reimbursement for filing and service fees, postage, mediation fees, and research fees.

23.     The cost of Settlement Administration is will not exceed $30,000, which covers all settlement administration services performed to date and settlement administration activities remaining, including distribution of payments and penalty reporting.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

Dated:  May 30, 2018                              s/J. Derek Braziel
                                                  J. Derek Braziel